## MATLOCK v. STONE.

### Opinion delivered December 2, 1905.

1. MINING CLAIM—LOCATION BY ALIEN.—A location of a mining claim by an alien is voidable only, and not void, and is free from attack by any one except the Government. (Page 199.)

2. PATENT—APPLICATION—CITIZENSHIP.—A proceeding in which a patent for Government land is applied for by one party and resisted by another is a proceeding in right and on behalf of the Government, in which the citizenship of the applicant is a material fact to be alleged and proved. (Page 199.)

3. APPEAL—PRESUMPTION IN ABSENCE OF EVIDENCE.—Where some of the evidence upon which a decree was based was not brought up in the transcript on appeal, it will be presumed that the decree was sustained by the missing evidence. (Page 199.)

4. SAME—DEFENSE NOT RAISED BELOW.—The defense of the statute of limitations cannot be raised on appeal if it was not raised in the court below. (Page 200.)

Appeal from Marion Chancery Court; T. H. HUMPHREYS, Chancellor; affirmed.

### STATEMENT BY THE COURT.

This action arose under section 2326, Rev. Stat. U. S., over conflicting claims to a tract of mining land, and was begun in the Marion Chancery Court upon an adverse claim duly filed in the United States Land Office at Harrison, Arkansas, and the complaint, in substance, contained the following allegations:

That on the 1st day of January, 1899, one E. F. LeMarchal and others, being in possession of the following lands in Marion

County, Arkansas, viz., N. E. ¼ of Sec. 18, Tp. 17 N., R. 15 W., made mineral location No.————, Rush Creek Mining District of Marion County, Arkansas, on said lands, and known as the "Barney Gulch" placer mining claim. That said location was made by V. Jacquemin, F. Jacquemin, E. Jacquemin, E. F. Le-Marchal, C. A. LeMarchal, and E. Keys in manner and form required by law, whereby they located and set up claim to said land as a placer mining claim, said land being valuable for the mineral thereon, and mineral having been discovered thereon. That each of said locators were citizens of the United States, and qualified to make the location. That the land was subject to location, being a part of the unappropriated public domain. That notice of the location was recorded on the 1st day of January, 1899, in the office of the recorder of the Rush Creek Mining District, in Marion County, Arkansas. That by reason of such location the locators became the owners of the possessory right and title to the land, which entitled them to hold same against all subsequent locators. The complaint then sets forth the title of appellee from alleged original locators, and alleges possession since January 1st, 1899, and the right to the exclusive possession and control of the land. It alleges compliance on the part of plaintiff and his grantors with the laws requiring the doing of assessment work. The complaint then sets forth that C. E. Matlock attempted to locate the land after the location under which plaintiff claims; alleges that she had failed to do the assessment work which the law requires; sets up the application by appellant Matlock to the land office for patent, the adverse claim by appellee, and the suspension of the application for patent until this adverse claim by appellee could be determined in the chancery court. It then alleges that the location which appellant relies on was void and a cloud upon appellee's title. The prayer was that appellant's location be canceled, and that appellant's title be quieted, and for all proper relief, etc.

The answer of appellant denies that appellee's grantors had placed a valid location notice on the land; alleges that notice of the location through which appellee claims was posted December 31, 1898, and not on January 1, 1899, as claimed in appellee's complaint. It denies that appellee or his grantors had been in possession of the land, and that they had done the assessment

work which the law requires. The answer sets up in detail the alleged location made by herself and others on the 1st day of January, 1899; that they were citizens of the United States, and qualified to make the location; that the land was mineral land and subject to location; that appellant and other locators went into possession under their location, and had been in possession ever since, and had done the assessment work required by law, and were entitled to apply for and to purchase patent; that appellant had acquired the right and title of the other locators, and had applied for patent; that an adverse claim had been set up by appellee; that application for patent had been suspended, and the matter referred to the Marion Chancery Court to determine who was entitled to purchase patent. The prayer was that appellant's location be declared valid, and that her right and title to the possession of the land in controversy be quieted, etc. The decree recites that the cause was submitted upon the pleadings and exhibits, the depositions, and certain admissions of record, to the effect that appellee was a citizen of the United States, and had been at all times since he purchased the lands in controversy, and that one Luke Matlock was the agent of his wife, C. E. Matlock, in making the location, and in doing the assessment work. The decree recites that the depositions in the cause were those of Luke Matlock, J. F. Dudley, Henry Shepherd, and Z. Shepherd. The court found that the land in controversy "was located by the plaintiff's grantors as a placer mining claim on the 1st day of January, 1899, in manner and form required by law, and that each of said locators was a citizen of the United States, and that the plaintiff is in possession of said lands, holding the same as a placer mining claim, by conveyances from said locators and their grantees, that said location relied on by plaintiff had not been forfeited when the location relied on by defendant was made, and that the location relied upon by defendant was a cloud upon plaintiff's possessory title under his mineral location." The court decreed that the mining claim location of appellant be canceled as a cloud upon appellee's possessory title, and that appellee have possession of the lands in controversy for mining purposes.

G. H. *Perry,* for appellant.

1. In order to make a valid location of a mineral claim on the public domain, each locator must be a citizen of the United States, and this fact must be alleged and proved. Barringer & Adams, 385-6; 1 Snyder on Mines, § 727; 6 Sawy. 299; 1 Fed. Rep. 522; 9 Mor. Rep. 529. Marking the boundaries of the location is essential to its validity. 72 Ark. 215.

2. Having held possession for three years and performed the assessment work required by law, appellant's possessory right is established. Kirby's Digest, § 5363; 70 Ark. 525.

*Horton & South,* and *Seawel & Seawel,* for appellee.

1. Where the transcript shows that it does not contain all the evidence on which the cause was heard, the court will presume that the evidence was sufficient to sustain the findings and decree of the chancellor. 58 Ark. 134; 44 Ark. 74; 54 Ark. 159; 79 S. W. 761; 45 Ark. 240; 43 Ark. 451.

2. Proof of citizenship of appellee's grantors was made, and, though not brought into the transcript, it was a part of the record. 36 Ark. 484.; 38 Ark 477. Even if they were not citizens, only the United States could take advantage of that fact. Barringer & Adams, 202; 51 Fed. 338; 152 U. S. 505. Proof of citizenship of appellee was all that was necessary. 1 Snyder on Mines, p. 222. Proof that one has performed acts of citizenship is sufficient. 1 Snyder on Mines, § 256 and authorities cited. Marriage of one of the locators to a citizen was sufficient to establish her citizenship. Kirby's Digest, § 12; 54 Fed. 617; 50 Fed. 310.

3. In the absence of a statute regulating the manner of locating mining claims, this court will look to the requirements of the U. S. statutes as to what acts are necessary to constitute an appropriation of public domain as a mining claim. Barringer & Adams, 282; 113 U. S. 527. Only the discovery of mineral and marking of boundaries of the claim are required. U. S. Rev. St. § 2324; Barringer & Adams, 227; *Ib.* 234 B; 83 Cal. 187. The law will presume, in favor of a purchaser for value, that the acts required by the statute were performed. Barringer & Adams, 239, 241 and 322; 1 Snyder on Mines, § 357; 3 McCr. 14; 15 Mor. Min. Rep. 331, 333.

4. Appellant was a trespasser at the time of attempting to locate the land in controversy, and acquired no rights thereby.

Barringer & Adams, 689; 1 Snyder on Mines, § 377 and citations. Sec. 5363, Kirby's Digest, is inapplicable, being enacted after appellant's possession began, and not being retroactive.

WOOD, J., (after stating the facts.) Appellant urges for reversal, that it was not shown that each of the locators under whom appellee claims was a citizen of the United States when the location was made. Mr. Lindley, in his work on Mines, after a review of cases, says: "The following conclusions are clearly deducible from the current of judicial authority:

"1.    An alien may locate or purchase a mining claim, and until 'inquest of office' may hold and dispose of same in like manner as a citizen.

"2.    Proceedings to obtain patents are in the nature of 'inquest of office,' and in such proceedings citizenship is a necessary and material fact to be alleged and proved." Lindley on Mines, p. 407, § 234.    He also states at p. 402, § 233, that "the following principles have been established by the weight of authority:    1. That a location made by an alien, if otherwise valid, creates in him an estate which can be divested only at the instigation of the Government in a proceeding to which it is either directly or indirectly a party," etc.

In a late case in the United States Supreme Court it is held that grantees of public land take by purchase, and that a location by an alien is voidable only, not void, and free from attack by any one except the Government. *McKinley Creek Mining Co.* v. *Alaska United Mining Co.,* 183 U. S. 563.    But, inasmuch as the proceeding in the case at bar was based upon the adverse claim of appellee to the application by appellant for a patent (under section 2326, Rev. Stat. U. S.), the objection that the locators through whom appellee claims were aliens was properly made, for this was in right and on behalf of the Government. *Manuel* v. *Wulff,* 152 U. S. 505; Barringer & Adams, Laws of Mines, etc., 205.    The objection, however, cannot avail appellants, for the reason that the court below found "that each of said locators was a citizen of the United States," and the decree recites "that the depositions in the cause were those of Luke Matlock, J. F. Dudley, Henry Shepherd, and Z. Shepherd," but the transcript which appellant has caused to be filed in this court fails to set forth the depositions of the witnesses Henry Shepherd

and Z. Shepherd. This being true, every question of fact that was essential, under the pleadings, to sustain the decree, we must assume, was established by the absent evidence. *Simpson* v. *Talbot*, 72 Ark. 185; *Hershy* v. *Baer*, 45 Ark. 240.

2. This court held in *Worthen* v. *Sidway*, 72 Ark. 215, that under the Revised Statutes of the United States, § 2331, the location of a mining claim "must be distinctly marked on the ground so that its boundaries can be readily traced." Appellant contends that appellee has failed to comply with the requirements of the law in this respect, but the chancellor found that the location "was in manner and form required by law," and we must assume, for the reason heretofore stated, that there was evidence to support his finding as to the manner of the location.

3. Likewise, as to the contention that appellee and his grantors had not done the assessment work which the law requires, in order to give him the possessory right to the land in controversy, all the foregoing are questions of fact which the missing depositions we must assume established.

4. On the question of the statute of limitations, which appellant urges here, it is sufficient to say that no such issue was raised in the court below, and it cannot be raised here for the first time. *O'Reilly* v. *Campbell*, 116 U. S. 418. Indeed, the only question presented by the pleadings and proof, so far as this record discloses, was the validity and priority of the alleged locations. The question of whether the necessary assessment work had been done, or possession held so as to give title by limitations did not arise and could not arise until it was first determined that some one was in possession under a valid location. And the court only passed upon the question of whether or not the location under which appellee claims was valid, and prior in time to that under which appellant claimed.

Finding no error, the decree is affirmed.