## CLAIBOURNE v. SMITH RICE MILL COMPANY.

Opinion delivered March 10, 1930.

*W. A. Leach,* for appellant.

*G. W. Botts,* for appellee.

HUMPHREYS, J. This is an appeal from a default decree rendered against appellant on the cross-complaint of appellee in a suit brought by the Arkansas Rice Growers' Agricultural Credit Association in the Chancery Court of Arkansas County, Southern District, against W. B. Fulton, Missine Fulton, his wife, and appellee, to foreclose a mortgage executed to it by the Fultons on a rice crop for a balance due thereon, and to recover from

appellee the value of the mortgaged rice purchased by it. The rice in question was raised by appellant, as the tenant of the Fultons, upon lands owned by Missine Fulton, and other lands leased by W. B. Fulton. Appellee purchased the rice from appellant, Will Claibourne, and paid him therefor by check, one-half of which amount he paid to the Fultons, less $80 for their part of the threshing.

The Fultons filed an answer pleading payment of the mortgage indebtedness to the Rice Growers' Agricultural Credit Association. Appellee filed an answer denying that it purchased rice from the Fultons mortgaged to the Rice Growers' Agricultural Credit Association, and a motion to make appellant, Will Claibourne, a party; and a cross-complaint against him alleging that he and the Fultons had conspired to defraud it. by selling it mortgaged rice, and praying for judgment against appellant in whatever sum the Rice Growers' Agricultural Credit Association should recover from it.

In accordance with the prayer of the motion and cross-complaint the following summons was issued by the clerk of the court and served by the sheriff upon appellant, to-wit:

"In the Chancery Court.

"Arkansas Rice Growers' Agricultural Credit Association, Plaintiff, v. No. 2608, W. B. Fulton, et al., Defendants. Arkansas County, Arkansas in the Southern District thereof.

"SUMMONS.

"The State of Arkansas, to the sheriff of Arkansas County:

"You are commanded to summon Will Claibourne, to answer in twenty days after the service of the summons upon him motion to make Will Claibourne, party defendant, a complaint filed against him in the Chancery Court of Arkansas County, Arkansas, Southern District, and warn him that upon his failure to answer said complaint that same will be taken for confessed; and will

make due return of this summons on the first day that said court is in session after twenty days after the date of the issuance hereof.

"Witness my hand and seal of said court, this 22d day of March, 1929. F. E. Stephenson, Clerk.

"Chancery court, summons, *Arkansas Rice Growers' Agricultural Credit Ass'n., Plaintiff, No. 2608, v. W. B. Fulton, et al., Defendants.* Filed the 23d day of March, 1929. F. E. Stephenson, Clerk.

"State of Arkansas, County of Arkansas—ss.

"On the 22d day of March, 1929, I have duly served the within writ by delivering a copy, and stating the substance thereof, of the within named Will Claibourne

| | |
|---|---|
| Ser. | $ .75 |
| Mi. | 1.40 |
| Ret. | .10 |
| | $2.25 |

as I am hereby commanded; C. C. McAllister, Sheriff, J. R. G. D. S."

The cause was tried upon the pleadings and testimony which resulted in a decree in favor of the Arkansas Rice Growers' Agricultural Credit Association for a balance of $1,365.69 due upon the mortgage, and in its favor against appellee for $771.16, the value of the mortgaged rice purchased by it; and at a subsequent date a decree by default in favor of appellee against appellant on its cross-complaint against him for $771.16. The decree recites that the cause was submitted upon certain pleadings, naming them. There is no mention of any pleading having been filed in the case by appellant, so it must be presumed from the recital in this decree that no answer to the cross-complaint of appellee was filed by him. The decree also recites that the cause was submitted upon the depositions of certain witnesses, naming them, and upon other proof. All of the depositions are omitted from the record, except the depositions of W. B. Fulton on recall, and of William Claibourne and Otto

Leibrock. The other proof submitted in the case according to the decree is also omitted from the record.

Appellant makes two contentions for a reversal of the decree, one being that the summons was insufficient to bring him into court, and the other that the evidence was insufficient to warrant the court in rendering a decree by default against him.

(1) The alleged insufficiency of the summons is because it failed to set out the name of appellee therein, and that the purport of the summons itself was notice to appellant to answer a complaint against him by the Arkansas Rice Growers' Agricultural Credit Association, and not Smith Rice Mill Company, the appellee herein. It is true that the summons did not mention the Smith Rice Mill Company as the plaintiff, but it did state that in the case of the Arkansas Rice Growers Agricultural Credit Association against W. B. Fulton *et al.* a complaint had been filed against appellant, as well as a motion to make him a party. The summons gave the number of the case in which such complaint had been filed. By reading the pleadings in that case appellant would have discovered that the motion and complaint referred to were filed by the Smith Rice Mill Company, which was mentioned as a defendant in the case referred to in the summons. The summons was issued under § 1136 of Crawford & Moses' Digest, which is as follows:

"The summons shall be directed to the sheriff of the county, and command him to summon the defendant or defendants named therein to answer the complaint filed by the plaintiff, giving his name, at the time stated therein, under the penalty of the complaint being taken for confessed, or of the defendant being proceeded against for contempt of court on his failure to do so. The summons shall be dated the day it is issued, and signed by the clerk."

A substantial compliance with this statute was sufficient to give the court in which the case was pending jurisdiction over the defendant mentioned in the original

suit or over the defendant against whom a cross-complaint had been filed. 32 Cyc. 438. Appellant does not contend that the rule is otherwise, but makes the argument that the summons does not substantially comply with the statute. We think it is a substantial compliance with the statute. The case of *Ex parte* Cheatham, 6 Ark. 532, 44 Am. Dec. 525, cited by appellant, is not in conflict with our construction of the statute. In that case no complaint was pending in the court out of which the summons issued, in which case William Cunnington was plaintiff and Robert Carrington was defendant. In the instant case a suit was pending in the court out of which the summons issued in which the Arkansas Rice Growers' Agricultural Credit Association was plaintiff, and W. B. Fulton *et al.* were defendants, and in which the defendant mentioned therein, the Smith Rice Mill Company, filed a motion to make appellant a party and a cross-complaint against him praying in the alternative that, if the plaintiff in that case recovered judgment against it, then for a judgment over against him in its favor. It was impossible for appellant to have read the pleadings in the case mentioned in the summons without discovering the fact that a cross-complaint had been filed against him by one of the defendants in that case.

(2) Appellant's further contention that the evidence was insufficient to warrant the court in rendering a judgment by default against him is, we think, without merit. The record does not purport to bring up all the evidence that was heard in the case, so it must be presumed by this court that the evidence was sufficient to justify the rendition of the decree by default against appellant. *Hershy* v. *Baer,* 45 Ark. 240; *Matlock* v. *Stone,* 77 Ark. 195, 91 S. W. 553; *Hardie* v. *Bissell,* 80 Ark. 79, 94 S. W. 611; *Floyd* v. *Booker,* 161 Ark. 87, 255 S. W. 288.

No error appearing, the decree is affirmed.