# TOM E. JONES CONSTRUCTION COMPANY, INC.
## *v.* Silas HOLMES

CA 83-179                                         666 S.W.2d 412

Court of Appeals of Arkansas
Division I
Opinion delivered March 28, 1984

*Marion B. Burton,* for appellant.

*George D. Ellis, P. A.,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from an order of the trial judge denying appellant's motion to set aside a default judgment and dismissing appellant's counterclaim. Appellee, Silas Holmes, filed a complaint against appellant, Jones Construction Company, alleging that it owed him $6,000 which he earned while working for appellant. His complaint was filed on November 18, 1982. On November 30, 1982, appellee filed an amended complaint making Integon Indemnity Company a co-defendant. On December 14, 1982, a default judgment was entered against appellant for the amount asked for. The following

day appellant filed a motion to set aside the default judgment and answered, denying that appellee was due a bonus and counterclaimed for $1,700 for property wrongfully withheld. The court denied the motion and dismissed the counterclaim.

Appellant's first point for reversal is that the court erred in entering default judgment against it. Specifically it argues that by filing an amended complaint, appellee extended the time in which to file an answer because appellant was not served with the amended complaint. The amended complaint merely added an additional party and did not change any issues with regard to appellant. There is no question but that appellant was put on notice of the complaint filed against it, although the amended complaint was not properly served to it. Since appellant was served notice with the original complaint, it cannot now argue that the time was extended merely because an additional party was added in an amended complaint. See *Pulpwood Suppliers* v. *Owens*, 268 Ark. 324, 597 S.W.2d 65 (1980); *Claibourne* v. *Smith Rice Mill Co.*, 181 Ark. 279, 25 S.W.2d 1050 (1930). Under Rule 15 of the Arkansas Rules of Civil Procedure, a party must respond to an amended pleading within the time remaining for a response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer. Although the amended pleading was never served on appellant, it had notice of the original pleading and the amended pleading did not change any issue. In our opinion, default judgment was properly entered against appellant on this issue.

Appellant further argues that it was error to enter default judgment when the time for the other defendant to answer had not expired. Appellant premises this argument on the common defense doctrine stated in the case of *Firestone Tire & Rubber Co.* v. *Little*, 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980). However, nowhere was this argument presented to the trial court either by a motion or in its argument to the court at the hearing. Appellant is not permitted to advance a new theory on appeal. See *Callaway* v. *Callaway*, 8 Ark. App. 129, 648 S.W.2d 520 (1983).

Appellant finally argues that the counterclaim should stand as a claim of set-off against any judgment in favor of appellee. Since we hold the trial court was not in error in finding appellant in default, this point is moot.

Accordingly, the decision of the trial judge is affirmed.

MAYFIELD and CRACRAFT, JJ., agree.