EDWARD J. DEBARTOLO CORPORATION *v.* Vallie CARTWRIGHT

94-1147                                        916 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered March 4, 1996

*The Hardison Law Firm*, by: *M. Scott Willhite*, for appellant.

*Wilson & Associates*, by: *E. Dion Wilson*, for appellee.

BRADLEY D. JESSON, Chief Justice. The issue on appeal is whether the trial court erred in denying the appellant's motion to set aside a default judgment. We hold that the default judgment should have been set aside and therefore reverse and remand the case.

On September 30, 1993, Vallie Cartwright filed a complaint in Phillips County Circuit Court naming "DeBartlo, Inc." as defendant. The complaint alleged that "DeBartlo, Inc." was an out-of-state corporation and the owner of Raleigh Springs Mall in Memphis. Ms. Cartwright claimed that on June 21, 1992, she slipped and fell at the mall and that her injuries were proximately caused by the defendant's negligence. A summons was likewise directed to "DeBartlo, Inc."

The complaint and summons were sent by certified mail to Prentice Hall Corporate Services, Inc. in Little Rock, purportedly the agent for service of process in Arkansas for "DeBartlo, Inc." Prentice Hall received the suit papers on October 4, 1993, and immediately returned them to Ms. Cartwright's counsel. The papers were accompanied by a letter stating that service was improper because the name of the corporate defendant was incorrect.

On October 14, 1993, Ms. Cartwright filed an amended complaint. It did not adopt and incorporate the original com-

plaint, or make any reference to it. However, it was the same in all respects as the original complaint except the defendant's name had been changed to "Edward J. DeBartolo Corporation." The amended complaint and summons were sent to Prentice Hall and received on October 18, 1993. Fifteen days later, on November 2, 1993, a default judgment was entered against "DeBartlo, Inc. (a/k/a Edward J. DeBartolo Corporation)". The judgment declared that the corporation had failed to answer the complaint against it within 20 days.[1]

On November 5, 1993, eighteen days after service of the amended complaint, the appellant filed two pleadings: a motion to dismiss, primarily alleging lack of personal jurisdiction, and a motion to set aside the default judgment. In its motion to set aside, the appellant claimed that it had twenty days from the date the *amended complaint* was served in which to file a response, thereby making the November 2 default judgment premature.

The trial court denied the motion to set aside and found that the appellant's time for responding was measured from October 4 — the date the original complaint naming "DeBartlo, Inc." was served on Prentice Hall. In two subsequent motions, the appellant asked for a ruling on the personal jurisdiction question. No hearing was held, but the court ultimately found that service on the appellant's Arkansas agent and the appellant's appearance on the motion to set aside waived any objection to jurisdiction. On June 22, 1994, the court entered its final order, awarding $7,500 in damages to Ms. Cartwright.[2]

The appellant presents two arguments: 1) the October 4

---

[1] The parties and the court apparently thought that, since the appellant had an agent for service in the state of Arkansas, it was not entitled to the thirty days response time accorded to nonresidents. See ARCP Rule 12(a). In fact, the appellant did have thirty days. See *Citicorp Industrial Credit, Inc.* v. *Wal-Mart Stores*, 305 Ark. 530, 809 S.W.2d 815 (1991). However, this misunderstanding does not affect our holding and we mention it only for the purpose of clarity.

[2] The appellee argues that the appeal does not arise from a final, appealable order. The court entered a default judgment and awarded monetary damages. The notice of appeal recites that appeal is taken from the entry of the default judgment and that the court entered its final order on June 22, 1994. There is no defect in the notice of appeal and the court's June 22 order was a final one.

service was defective because it did not contain the correct corporate name of the defendant, and 2) its time for response should have been measured from service of the amended complaint rather than the original complaint. Because we agree with the appellant's second argument, it is not necessary to reach the first.

■ Rule 15(a) of the Arkansas Rules of Civil Procedure provides that a party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 20 days after service of the amended pleading, whichever period is longer. Assuming, strictly for the sake of explanation, that both the October 4 service and the October 18 service were proper, the appellant had *the longer* of the following times to respond: 1) the time remaining for response to the original complaint (response due October 24), or 2) twenty days after service of the amended complaint (response due November 7). The longer of the two periods would have made the response due November 7. Therefore, the appellant was not in default when judgment was entered against it on November 2. Further, its motion to dismiss filed on November 5 was a timely response to the amended complaint.

■ The appellee relies on the case of *Tom E. Jones Constr. Co.* v. *Holmes*, 11 Ark. App. 88, 666 S.W.2d 412 (1984), to support her argument that the response time should be measured from service of the original pleading. In that case, Jones was sued and served with an original complaint. Twelve days later, the plaintiff filed an amended complaint adding another defendant. Jones failed to answer the original complaint in a timely fashion, but argued that the filing of an amended complaint extended its response time. The court of appeals disagreed and upheld entry of a default judgment. The facts are somewhat distinguishable from this case. Jones, unlike the appellant herein, was never served with an amended complaint, so was hardly in a position to argue entitlement to additional response time. However, despite the distinguishing factors in *Jones*, it contains some broad language which could be read to say that, in a situation like the instant one, the filing of an amended complaint does not affect the defendant's time for response. To the extent that *Jones* conflicts with our holding today, it is overruled.

We have found one case from another jurisdiction which

contains a similar fact situation. In *Reichert* v. *TRW, Inc.*, 531 Pa. 193, 611 A.2d 1191 (1992), a defendant, Falcon, did not respond to an original complaint, claiming service was defective. Prior to seeking a default judgment against Falcon, the plaintiff filed an amended complaint. The Pennsylvania court did not address the issue of defective service of the original complaint, but instead considered the amended complaint the operative pleading. The court stated:

> [the] appellees, by not taking the default prior to the amendment [of their complaint] and by including Falcon in their amended complaint, foreclosed their ability for default judgment on the original complaint.

The *Reichert* case incorporates the widely recognized doctrine that an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint. See C. Wright, A. Miller, & M. Kane, 6 *Federal Practice and Procedure*, §1476 at 556-57 (1990); J. Moore, 3 *Moore's Federal Practice*, §15-08[7] (2d ed. 1995); *W. L. Scott, Inc.* v. *Madras Aerotech, Inc.*, 103 Idaho 736, 653 P.2d 791 (1982); *Hall* v. *Insurance Co. of North America*, 666 A.2d 805 (R.I. 1995); *In re Marriage of Lockwood*, 857 P.2d 557 (Colo. App. 1993).

Based upon the foregoing, we hold that the appellant's time for response should have been calculated from the date of service of the amended complaint. Therefore, the entry of a default judgment prior to the expiration of the response time was improper.

The appellant raises one additional issue on appeal, arguing that it was not subject to the jurisdiction of the Arkansas courts. The record does not reflect that the matter was fully developed at the trial level. A motion to dismiss and brief in support were filed, alleging a lack of contacts with the state of Arkansas. Later, the appellant supplemented the motion with an affidavit from a corporate representative. No response was filed by the appellee, nor was a hearing held on the matter.

It is possible that the trial judge, in light of the entry of default judgment, did not feel it necessary to fully explore the jurisdictional issue. Since the default judgment is now set aside,

this issue may be revisited upon remand.

Reversed and remanded.

Special Justices Mary Ann Westphal, Jerry Canfield and Charlene Marsh join in this opinion.

DUDLEY, GLAZE and CORBIN, JJ., not participating.