ARKANSAS STATE BOARD of EDUCATION;
Jeanna Westmoreland, Diane Tatum, Sherry Burrow, Shelby Hillman,
*v.* Honorable James M. MOODY Circuit Court of Pulaski County,
Arkansas, Third Division

06-792                                          238 S.W.3d 607

Supreme Court of Arkansas
Opinion delivered August 1, 2006

*Mike Beebe*, Att'y Gen., by: *Ka Tina R. Hodge*, Ass't Att'y Gen., for petitioners.

No response.

P<small>ER</small> C<small>URIAM</small>. ■ The temporary restraining order is dissolved for failure to join the Bryant School District, a necessary party under Ark. R. Civ. P. 19 (2006), prior to the issuance of the temporary restraining order. Failure to join the Bryant School District before the temporary restraining order was issued constituted a plain, manifest, clear, and gross abuse of discretion. *See King v. Davis*, 324 Ark. 253, 920 S.W.2d 488 (1996), *Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006). Accordingly, the petitions for writ of certiorari by the Arkansas State Board of Education, et. al., and the Bryant School District are hereby granted.

G<small>LAZE</small>, J., concurs.

T<small>OM</small> G<small>LAZE</small>, Justice, concurring. The trial court has declared Bryant School District (Bryant) a necessary party and ordered Paron School (plaintiffs) to amend its complaint to join Bryant within ten (10) days from the court's entering its TRO on June 29, 2006.

The trial court's order shows plaintiffs would, (1) suffer irreparable harm if their school is closed prior to a full hearing on plaintiffs' remaining claims and, (2) would likely succeed on the merits of their claims. Of course, the practical effect also is that the TRO impacts Bryant without affording Bryant the opportunity to proceed through this case with counsel, to call witnesses and present evidence or to cross-examine plaintiffs' witnesses. On the other hand, Bryant has not been provided a meaningful opportunity to argue before this court the trial court's ruling that the plaintiffs would not likely succeed on the merits in this case.

In my view, Bryant is an indispensable party, which was not afforded the required due process to respond in this case. Nor was Bryant given reasonable notice, as an adverse party, required under Ark. R. Civ. P. 65(a)(1) and Rule 4 of these rules. Clearly, the trial court was, at the very least, premature when entering its TRO. The trial court attempted to correct the absence of Bryant as a party by ordering Bryant to be made a separate party and giving plaintiffs ten (10) days to amend their complaint joining Bryant.

Such trial court directive falls short of correcting the plaintiffs' mistake in failing to make Bryant a party in this injunction action; again, because it failed to afford Bryant due process and compliance with Rule 65 and 4.

In conclusion, the trial court's TRO was not a final order appealable under Rule 2 of the Rules of Appellate Procedure—Civil. Consequently, Bryant and the state's only remedy is one of a writ of certiorari, which our court grants only when a circuit court acts without jurisdiction or in excess of its jurisdiction, or the face of the record reveals a manifest and gross abuse of discretion, and no other adequate appellate remedy exists. *Conner v. Simes*, 355 Ark. 42, 139 S.W.3d 476 (2003). Bryant and the state are entitled to a writ of certiorari in this case.

For practical purposes, the result reached by this court might well end this specific litigation without getting to the merits of the issues raised in this case. However, I suspect these issues will arise again — if not in new litigation, then in the continuing saga of Lake View litigation. *See, e.g., Lake View Sch. Dist. No. 25 of Phillips Co. v. Huckabee*, 358 Ark. 137, 189 S.W.3d 1 (2004).