Kenneth JAMES, Commissioner/Superintendent of Public Education of the State of Arkansas; the Arkansas State Board of Education, et al. *v.* Clyde WILLIAMS and Alenora Williams on Behalf of Themselves and Their Minor Child, Clyde Williams, Jr.; et al.

07-619                                         270 S.W.3d 855

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*D. Scott Smith*, for appellants.

*John W. Walker, P.A.*, by: *John W. Walker*; and *Terrence Cain*, for appellees.

Robert L. Brown, Justice. The appellants, Dr. Kenneth James, who is Commissioner/Superintendent of Public Education of the State of Arkansas, and the Arkansas State Board of Education ("Board of Education"), appeal the denial of their motion to dismiss against the appellees, Clyde Williams and Alenora Williams, on behalf of themselves and their minor child, Clyde Williams, Jr., et. al (together "Williams"). We dismiss the appeal for lack of subject-matter jurisdiction.

This suit arises out of the merger of the Elaine School District with the Marvell School District in 2006. The parties do not dispute that, by 2006, the Elaine School District had fallen below an average daily membership of 350 students for each of the two preceding school years. It was, therefore, subject to consolidation or annexation under Arkansas law. See Act 60 of the Second Extraordinary Session of 2003 (codified at Ark. Code Ann. § 6-13-1602 (Supp. 2007)). The Elaine School District then filed a voluntary petition to be annexed into the adjoining Marvell School District, as allowed by Arkansas Code Annotated § 6-13-1603(a) (Supp. 2007). The role, if any, of the Board of Education and Dr. James in orchestrating and bringing about this annexation is disputed by the parties. The annexation was eventually approved by the Board of Education and was set to take effect during the 2006-2007 school year.

On June 26, 2006, Williams filed suit in Phillips County Circuit Court, seeking to prevent the annexation from taking place.[1] Dr. James and the Arkansas Department of Education ("ADE") were among the named defendants, but the Board of Education was not. On July 14, 2006, Williams followed up with a motion for a preliminary injunction to prevent the annexation from taking place before the resolution of the suit. Dr. James and the ADE, on the other hand, opposed the preliminary injunction and moved for dismissal of the suit based, inter alia, on lack of subject-matter jurisdiction, lack of standing, lack of proper venue, and failure to state facts upon which relief could be granted.

---

[1] Don Hamilton, Superintendent of Schools of Elaine, Arkansas School District No. 30, the Board of Education of the Marvell School District No. ___, and Ulicious Reed, Superintendent of Schools of the Marvell School District No. ___, are also parties to this suit. They are not, however, parties to the current appeal. The complaint also named the Board of Education of the Barton-Lexa School District and Roy Kirkland, Superintendent of Schools of the Barton-Lexa School District, as defendants. The circuit court later granted these defendants' motion to dismiss, and they are not parties to the current appeal.

Eventually, the Phillips County Circuit Court determined that Pulaski County was the proper venue for the suit. With the motion for a preliminary injunction and motion to dismiss still pending, an order transferring the suit to Pulaski County Circuit Court was entered on August 22, 2006. The annexation went forward for the 2006-2007 school year, and the Elaine School District ceased to exist. Due to the annexation into the Marvell School District, Elaine High School was closed.

On November 20, 2006, the Pulaski County Circuit Court held a hearing at the end of which it allowed Williams twenty days to file an amended complaint containing numbered paragraphs and adding any necessary and indispensable parties. Williams responded by filing an amended complaint with numbered paragraphs on December 11, 2006. In this amended complaint, ADE was no longer named as a defendant. The Board of Education, however, was added as a defendant. Although they are not mentioned in the caption, the body of the complaint lists the individual members of the Board of Education as defendants.

The amended complaint alleges various detrimental effects that the annexation has had on former Elaine students, including: (1) that former Elaine High School students are now being taught in inferior Marvell High School facilities; (2) that former Elaine students are being taught in hallways, the cafeteria, and closets; (3) that former Elaine High School students are now sent to Marvell High School, which is on academic probation; (4) that former Elaine students would have access to better facilities and resources if Elaine had merged with the adjoining Barton-Lexa School District instead of Marvell; (4) that former Elaine students are subjected to long bus rides, up to five hours per day; (5) that some small children are away from home for up to thirteen hours per day because of the transportation being offered to them; (6) that the lengthy transit times make it more difficult for former Elaine students to participate in extracurricular activities and to complete in-school suspensions. The gist of the amended complaint is that (1) former Elaine students now receive a less adequate and substantially equal education than they did before the annexation and (2) former Elaine students receive a less adequate and substantially equal education than they would have received if the annexation had been to the Barton-Lexa School District rather than the Marvell School District.

The amended complaint asserts that the ADE effectively orchestrated the annexation of the Elaine School District by the

Marvell School District but used a process whereby it appeared that the merger was at the impetus of the school districts themselves. In so doing, the amended complaint asserts, Dr. James and the Board of Education knowingly created a supermajority African-American school district, despite the fact that the Board of Education had previously denied permission for the Marvell and Lake View School Districts to consolidate. The denial of the Marvell/Lake View consolidation, avers the amended complaint, was based on the fact that it would have created a supermajority African-American school district. The amended complaint also claims that the Arkansas Board of Education has not taken action to secure federal court approval for the merger, despite the fact that former Attorney General Mike Beebe issued an opinion stating that such approval was necessary. Lastly, the amended complaint asserts that the Board of Education "has taken no action to assure that the Elaine Marvell merger was equitable and/or in the best interest of all students involved."

The amended complaint does not expressly mention the Arkansas or United States Constitution; nor is it clear precisely what the constitutional basis is for the relief being asserted by Williams. The amended complaint does assert, however, that former Elaine students are not receiving an adequate or equal education, that former Elaine students are being denied equal opportunity to be educated and to participate in after-school activities, and that the actions of Dr. James and the Board of Education were arbitrary and capricious.

On December 29, 2006, Dr. James and the Board of Education filed a motion to dismiss Williams's amended complaint, alleging, among other things, that the circuit court did not have jurisdiction over Williams's claims because (1) Dr. James and the Board of Education were immune from suit under the sovereign-immunity provision of the Arkansas Constitution and (2) the issues that Williams sought to litigate were under the exclusive subject-matter jurisdiction of this court due to the recall of the *Lake View* mandate. The motion also asserted that Dr. James was not a proper party to the lawsuit because he had no power to grant the relief requested by the plaintiffs.

Williams responded that sovereign immunity did not apply in suits against state officials to enjoin ultra vires, bad faith, or arbitrary and capricious actions, and that the circuit court had jurisdiction despite the recall of the *Lake View* mandate. Williams further maintained that Dr. James, as the director and supervisor of

the ADE, was a necessary and proper party to the suit. On February 15, 2007, the circuit court entered an order denying Dr. James and the Board of Education's motion to dismiss. It is from that order that Dr. James and the Board of Education file this interlocutory appeal.

We first address the issue of subject-matter jurisdiction raised by Dr. James and the Board of Education. They contend, as already stated, that the circuit court had no jurisdiction to hear this case because subject-matter jurisdiction rested solely with this court due to the recall of the *Lake View* mandate. They assert that Williams's claims allege the denial of the adequate and substantially equal education required by the Arkansas Constitution, the same issue that was raised in *Lake View*. Because Williams and his co-plaintiffs were all members of the class certified as part of the *Lake View* litigation, *see Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 340 Ark. 481, 486, 10 S.W.3d 892, 895 (2000), Dr. James and the Board of Education urge that subject-matter jurisdiction over these issues rested solely with this court until the *Lake View* mandate was reissued on May 31, 2007.

Williams, on the other hand, emphasizes that his claims stem primarily from the United States Constitution, not the Arkansas Constitution. Moreover, he maintains that the *Lake View* mandate was issued on May 31, 2007, thereby divesting this court of any subject-matter jurisdiction it might have had over the case before us.

We note initially that the Arkansas Rules of Appellate Procedure – Civil do not grant the right of an interlocutory appeal based on lack of subject-matter jurisdiction. *See* Ark. R. App. Pro.–Civ. 2(a). Nevertheless, subject-matter jurisdiction is an issue that can and indeed must be raised by this court sua sponte. *Centerpoint Energy, Inc. v. Miller County Cir. Ct.*, 370 Ark. 190, 202, 258 S.W.3d 336, 344 (2007) ("Arkansas, of course, provides no interlocutory appeal from a denial of a motion to dismiss for lack of subject-matter jurisdiction, although this court can raise the issue *sua sponte*."); *Barclay v. Farm Credit Servs.*, 340 Ark. 65, 68, 8 S.W.3d 517, 518 (2000) ("This court is obligated to raise issues of subject-matter jurisdiction on its own, and we do so in this instance."). Therefore, the question of whether the pending *Lake View* mandate divested the circuit court of jurisdiction over this matter must be addressed, as a preliminary matter, by this court.

In our initial *Lake View* decision dealing with the constitutionality of the public school funding system, this court held that the school funding system then in place was unconstitutional. *See Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 351 Ark. 31, 96, 91 S.W.3d 472, 510 (2002) (*Lake View I*). In that decision, this court decided to stay the issuance of our mandate until 2004, noting:

> Were we not to stay our mandate in this case, every dollar spent on public education in Arkansas would be constitutionally suspect. That would be an untenable situation and would have the potential for throwing the entire operation of our public schools into chaos. We are strongly of the belief that the General Assembly and Department of Education should have time to correct this constitutional disability in public school funding and time to chart a new course for public education in this state.

*Id.* at 97, 91 S.W.3d at 511.

The mandate was issued in early 2004 but was almost immediately recalled due to legislative noncompliance. *Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 355 Ark. 617, 618, 142 S.W.3d 643, 644 (2004) (*Lake View II*). Later the same year, however, the mandate was issued, and this court's jurisdiction over the subject matter was released. *Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 358 Ark. 137, 161, 189 S.W.3d 1, 17 (2004) (*Lake View III*). That jurisdiction was reassumed on June 9, 2005, *Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 362 Ark. 520, 522, 210 S.W.3d 28, 30 (2005) (*Lake View IV*), and the mandate was not reissued until May 31, 2007, *Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 370 Ark. 139, 146, 257 S.W.3d 879, 883 (2007) (*Lake View V*). The reissuance of the mandate was after the circuit court rendered the order that is currently under appeal in the instant case.

■ This court retains jurisdiction over a case until it issues a mandate to the circuit court instructing it to "recognize, obey, and execute" this court's decision. *Barclay*, 340 Ark. at 68-69, 8 S.W.3d at 519. Before the issuance of the mandate, no party to the lawsuit can obtain relief from the circuit court for any matter that is "so intertwined with the primary litigation as to be part and parcel of it." *Id.* at 69, 8 S.W.3d at 519. Hence, there are two questions that must be answered to determine whether the circuit court had subject-matter jurisdiction over Williams's complaint

before this court issued its mandate on May 31, 2007: (1) whether Williams was a party to the *Lake View* litigation, and (2) whether the issues raised in the present suit are "part and parcel" of the *Lake View* litigation. *Id.* We answer both questions in the affirmative.

The class certified in the *Lake View* litigation included "students and parents of students in all school districts." *Lake View Sch. Dist. No. 25 of Phillips County v. Huckabee*, 340 Ark. 481, 486, 10 S.W.3d 892, 895 (2000). Accordingly, there is no question but that Williams and his co-plaintiffs were parties to the *Lake View* suit.

Next, in determining whether the allegations of Williams's complaint are within the scope of the *Lake View* mandate, we must first determine whether Williams can rely on his original complaint as well as his amended complaint. This court has stated with approval the "widely recognized doctrine that an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint." *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark. 573, 577, 916 S.W.2d 114, 116 (1996). Having failed to incorporate the original complaint into the amended complaint by reference, Williams cannot now rely on it. We are, therefore, limited in our analysis to the terms in the amended complaint.

We note in support of this conclusion that one of the reasons Williams was required to file an amended complaint was that the original complaint failed to comply with Rule 10(b) of the Arkansas Rules of Civil Procedure, which states that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." The circuit court required an amended complaint so that the defendants could effectively respond to each numbered claim and so that Williams could add any necessary party defendants. It was, as a result, Williams's obligation to lay out all of his claims in the numbered paragraphs of the amended complaint and to include all necessary parties.

We now turn to an examination of what claims are included in the amended complaint when it is read in the light most favorable to Williams. This task is complicated by the fact that, though Williams argues constitutional issues in his brief on appeal, he has failed to cite expressly to either the Arkansas or United States Constitution in his amended complaint. What he does assert

in his amended complaint is that former Elaine students are not receiving an adequate and substantially equal education. That is what this court has held the Arkansas Constitution requires. *See Lake View III*, 358 Ark. at 155, 189 S.W.3d at 13 ("[T]he overarching constitutional principle is that an adequate education must be provided to all school children on a substantially equal basis with regard to curricula, facilities, and equipment."). There is, of course, no federal constitutional right to an adequate education. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973) ("Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected."). Williams's claim to lack of an adequate and substantially equal education is, therefore, limited to the Arkansas Constitution.

Nor does the amended complaint expressly allege any violation of the Equal Protection Clause of the United States Constitution or Article 2, § 3 of the Arkansas Constitution. It does reference "disparate burdens" that were knowingly placed on former Elaine students and that these students were being "denied equal opportunity to be educated and to participate in programs and activities." But the only allegation of any actions that were undertaken on the basis of the student's race are against the superintendent of the Barton-Lexa School District and not Dr. James and the Board of Education.[2] Furthermore, Arkansas jurisprudence requires a complaint to state facts, "not mere conclusions, in order to entitle the pleader to relief." *Simons v. Marshall*, 369 Ark. 447, 450, 255 S.W.3d 838, 841 (2007). In the instant case, Williams failed to state even a conclusion that Dr. James and the Board of Education discriminated against former Elaine School District students on the basis of race or any other protected classification.

In *Lake View I*, this court found both (1) that, in violation of the Arkansas Constitution, Arkansas children were not being provided a general, suitable, and efficient school-funding system, 351 Ark. at 72, 91 S.W.3d at 495, and (2) that unequal educational

---

[2] The amended complaint does assert that Dr. James and the Board of Education have allowed the creation of a supermajority African-American school district in contravention of the policy set by the Department of Education. Nevertheless, even read in the light most favorable to Williams, this does not allege that the students were discriminated against based on their race so as to raise equal-protection implications but only that the Board of Education's actions were arbitrary and capricious.

opportunities were being provided to certain children who were taught a "barebones" curriculum and suffered under "dire facility and equipment needs," *id.* at 75, 91 S.W.3d at 497–98. Williams's claims as set out in his amended complaint fall squarely under the latter constitutional infirmities. The matters raised by this suit are, therefore, part and parcel of the *Lake View* litigation, and the circuit court had no subject-matter jurisdiction to hear this case until after this court issued its mandate and released its *Lake View* jurisdiction on May 31, 2007.

In deciding *Lake View I*, this court noted that it was not the role of the judiciary to prescribe specific remedies to cure the unconstitutionality of the school-funding system. Rather, "[d]evelopment of the necessary educational programs and the implementation of the same falls more within the bailiwick of the General Assembly and the Department of Education." 351 Ark. at 91, 91 S.W.3d at 507–08. This court went on to say that, "[t]he trial court's role and this court's role . . . are limited to a determination of whether the existing school-funding system satisfies constitutional dictates and, if not, why not." *Id.* During the pendency of this court's jurisdiction over the *Lake View* litigation, certain constitutional inadequacies over the funding of Arkansas public schools were to be remedied by the General Assembly. Williams's amended complaint touches on these same issues that formed the essence of the *Lake View* case. In short, when the circuit court issued its order on February 17, 2007, denying the motion to dismiss filed by Dr. James and the Board of Education, it had no jurisdiction to do so because this court still retained jurisdiction over the *Lake View* case.[3] Because the circuit court had no subject-matter jurisdiction to hear this case, we must dismiss

---

[3] This court is mindful of the fact that, on July 19, 2006, the Arkansas Board of Education and Arkansas Department of Education filed a petition for writ of prohibition or certiorari with this court and requested that we lift a temporary restraining order issued by the Pulaski County Circuit Court enjoining the Arkansas State Board of Education and Arkansas Department of Education from closing Paron High School. The Bryant School District filed a similar petition for writ of prohibition or certiorari with this court. This court dissolved the temporary restraining order due to the failure to join Bryant School District, which was a necessary party to the litigation. *Arkansas State Bd. of Educ. v. Moody*, 367 Ark. 181, 182, 238 S.W.3d 607, 607–08 (2006). Subject-matter jurisdiction was not raised by any party in the Paron matter; nor did this court raise it on its own, though we clearly had the right to do so. The lack of subject-matter jurisdiction in the circuit court was specifically raised as an issue in the instant interlocutory appeal.

this appeal for lack of subject–matter jurisdiction. *See Barclay*, 340 Ark. at 69, 8 S.W.3d at 519. The lack of subject–matter jurisdiction in circuit court cannot be retroactively cured by the subsequent issuance of the mandate in *Lake View*.

Appeal dismissed.

HANNAH, C.J., concurs.

JIM HANNAH, Chief Justice, concurring. I concur in the decision reached by the majority but conclude that this case must be dismissed on different grounds. I note first, as the majority states, that "an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint." *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark. 573, 577, 916 S.W.2d 114, 116 (1996). The amended complaint did not incorporate the original complaint. Therefore, the amended complaint defines this action.

The plaintiffs assert in the amended complaint that the students at issue are being "deprived of adequate and equal education opportunities which will severely limit their life options. . . ." While that might be thought to at least imply that plaintiffs are suing for a failure to provide a "general, suitable and efficient system of free public schools,"[1] the amended complaint simply does not state that cause of action. Instead the complaint seeks review of a decision of a state agency. Therefore, the discussion by the majority of *Lake View Sch. Dist. No. 25 v. Huckabee*, 340 Ark. 481, 10 S.W.3d 892 (2000), is irrelevant. *Lake View* concerned whether the public school system established by the General Assembly met constitutional requirements. Whether the mandate in *Lake View* had been recalled has no effect on the issues in this case.

Plaintiffs assert that "the State actions allowing or requiring the merger of the Marvell and Elaine School Districts" are "arbitrary and capricious and in violation of the rules established for merger by the State Board of Education." According to plaintiffs, laws and procedures adopted in 2004 are at issue. Thus, what is at issue is whether an administrative agency reached the correct decision.

---

[1] See Ark. Const. art. 14, § 1.

The Board of Education made a decision merging the school districts. The Board of Education is an administrative agency, and any judicial review of that decision is governed by the Administrative Procedure Act. *See, e.g., Arkansas State Bd. of Educ. v. Purifoy,* 292 Ark. 526, 731 S.W.2d 209 (1987). Under Ark. Code Ann. § 25-15-212 (b)(1) (Repl. 2002), plaintiffs had thirty days from the date the decision of the Board was served to file a petition in circuit court seeking judicial review of the decision.[2] Service of the Board's order was made on March 21, 2006. The complaint was not filed until June 26, 2006. Even if we were to consider the complaint as a valid petition under the Administrative Procedure Act, it was not timely, and on that basis alone the case must be dismissed.

However, plaintiffs did not file a petition under the Administrative Procedure Act and, as such, the suit is one against the State of Arkansas. Under article 5, section 20 of the Constitution of Arkansas, the State shall never be made defendant in any of her courts. Sovereign immunity is jurisdictional immunity from suit. *Department of Human Servs. v. Crunkleton,* 303 Ark. 21, 791 S.W.2d 704 (1990). Plaintiffs' remedy, if any, was under the Administrative Procedure Act. The case must be dismissed.

---

[2] Arkansas Code Annotated section 25-15-212(b)(1) (Repl. 2002) provides that the petition must be filed within thirty days from service on the petitioner. Plaintiffs were not parties to the action before the Arkansas State Board of Education and naturally were not served. However, the facts show they had actual notice, and in any event, ninety-seven days passed from the date of service of the order to the date that plaintiffs filed their complaint.