Cite as 2025 Ark. App. 490

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-24-535

|  |  |
|---|---|
| | **Opinion Delivered** October 22, 2025 |
| BRIAN SMITH<br>APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-17-251] |
| V. | |
| CITY OF EL DORADO<br>APPELLEE | HONORABLE SPENCER G. SINGLETON, JUDGE |
| | DISMISSED |

## BRANDON J. HARRISON, Judge

Brian Smith appeals the Union County Circuit Court order that denied his motion for contempt against the City of El Dorado (the City). He argues that the circuit court erred in both its findings of fact and conclusion of law, and he asks this court to reverse and remand for further proceedings. We dismiss for lack of jurisdiction.

In August 2017, Smith, acting pro se, moved for an injunction to stop the City from demolishing the old Massey Barbeque building on his property. He claimed that he had remodeled the building and planned to reopen the restaurant. The parties ultimately settled, and in December 2020, the circuit court entered an order that memorialized the parties' agreement. That order provided that the electric utilities on the property would be reconnected; that Smith would have licensed contractors meet the code enforcement officer and the fire marshal at the property on 15 January 2021 to determine what items must be completed; that the contractors would promptly begin work and obtain the necessary

permits from the City; and that the City would raze the building on 30 May 2021 if the building was not finished and in full compliance with all codes.

On 28 May 2021, Smith moved for an injunction and an expedited hearing, arguing that the City had failed to provide the contractors with the necessary permits as contemplated in the December 2020 order and that because of that noncompliance, the construction and remodeling could not be completed by 30 May 2021. The City responded that the matter was moot because the building had been razed on 1 June 2021.

Smith moved to hold the City in contempt for its noncompliance with the December 2020 order and asked for a hearing to determine damages. After a hearing in December 2023, the circuit court denied the motion for contempt. The court's written order found that Smith had not complied with the December 2020 order and concluded, "To hold the City in contempt for failing to comply with the Order of the Court in the face of the repeated non-compliance of the Plaintiff with the Order would be an unfair and unjust ruling."

The circuit court's written order was filed on 5 February 2024. In general, that made Smith's notice of appeal due in early March. On April 2, Smith moved for an extension of time to file his notice of appeal pursuant to Ark. R. App. P.–Civ. 4(b)(3) (2024). He alleged that he had not received notice about, or a copy of, the final order filed on February 5 and that the City would not be prejudiced by the extension. On April 17, the circuit court extended Smith's notice-of-appeal deadline to May 16. Smith filed his notice on the final day of that extension.

A timely notice of appeal and record are jurisdictional prerequisites for this court.

*Sloan v. Ark. Rural Med. Prac. Loan & Scholarship Bd.*, 369 Ark. 442, 255 S.W.3d 834 (2007). Arkansas Rule of Appellate Procedure–Civil 4(a) states in relevant part that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Rule 4(b)(3) provides an exception as follows:

> Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought, a showing of diligence by counsel, and a determination that no party would be prejudiced, the circuit court shall, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of appeal for a period of fourteen (14) days from the date of entry of the extension order. Notice of any such motion shall be given to all other parties in accordance with Rule 5 of the Arkansas Rules of Civil Procedure. Expiration of the 180–day period specified in this paragraph does not limit the circuit court's power to act pursuant to Rule 60 of Arkansas Rules of Civil Procedure.

Here, Smith filed his notice of appeal within the time granted by the circuit court. But the court could extend the time for up to only fourteen days from the date the extension order was entered; so, by rule, the final due date for Smith's notice of appeal was May 1. Smith's May 16 notice of appeal was therefore too late when it was filed twenty-nine days after the extension order was entered. In *River Valley Homes, Inc. v. Freeland-Kauffman & Freedeen, Inc.*, we explained, "It is clear from the use of the 'shall' language in Rule 4(b)(3) that the circuit court has limited discretion in extending the time for filing a notice of appeal. The general rule is that a judgment or order entered in excess of the court's power is void." 2010 Ark. App. 682, at 4 (internal citations omitted). (As a persnickety aside, we also note that Smith's motion for extension of time fails to allege that he was diligent in ascertaining the status of the case, which is a requirement of Rule 4(b)(3)). *See Tissing v. Ark. Dep't of Hum. Servs.*, 2009 Ark. 166, 303 S.W.3d 446. The important and unfortunate takeaway is that the circuit court's rule/calendar error—and Smith's failure to appreciate its

3

significance—preclude this appeal. *See James v. Williams*, 372 Ark. 82, 270 S.W.3d 855 (2008) (though there has not been a motion to dismiss the present appeal, this is a matter that goes to our jurisdiction and must be raised by this court if not raised by the parties).

Dismissed.

KLAPPENBACH, C.J., and BROWN, J., agree.

*Sheila F. Campbell, P.A.*, by: *Sheila F. Campbell*, for appellant.

*Robert N. Rushing*, for appellee.