ARKANSAS STATE HIGHWAY COMMISSION *v.*
PHILRITE DEVELOPMENT, INC., Philip S. Jones, Sr.,
Marguerite Jones, Julie Jones Randall, Philip S. Jones, Jr.,
James T. Jones & Shelby G. Jones, Mortgagees; Peoples
Bank & Trust Co., Mortgagee

CA 89-190                    782 S.W.2d 595

Court of Appeals of Arkansas
Division I
Opinion delivered January 24, 1990

*Robert L. Wilson* and *Ted Goodloe*, for appellant.

*Gary Isbell* and *Ted Sanders*, for appellee.

JOHN E. JENNINGS, Judge. This eminent domain case was tried to a jury on September 20, 1988. The jury returned a verdict in favor of the landowners for $130,000.00. According to appellant, a post-trial hearing was held on the issue of the proper interest rate in "November or December" of 1988. On December 15, 1988, the court signed and filed a judgment in the case. On January 25, 1989, appellant filed a motion to set aside the judgment and on February 3, 1989, appellant filed a motion to extend its time for appeal under Rule 4(a) of the Arkansas Rules of Appellate Procedure.

The trial court held a hearing on the post-trial motions and denied them. The argument on appeal is that the trial court abused its discretion in refusing to extend the time for filing the notice of appeal. We find no error and affirm.

Prior to 1986, the trial court had no authority to extend the time for filing the notice of appeal. *See* Reporter's Notes to Rule 4, paragraph 3. In 1986, the Supreme Court amended Rule 4(a) of the Rules of Appellate Procedure to provide, in part:

> Except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. . . . Upon a showing of failure to receive notice of entry of the judgment, decree or order from which appeal is sought, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed sixty (60) days from the expiration of the time otherwise prescribed by these rules.

The amendment is explained in a Reporter's Note:

> Rule 4(a) is amended to empower the trial court to extend the time for filing a notice of appeal when the party has not received notice of the entry of the judgment or order from which he seeks to appeal. The amendment represents a narrow exception to the rule that the filing of a notice of appeal is jurisdictional and, unless timely filed, there can be no appeal. The change was deemed necessary to ensure fairness when counsel has not received notice of the entry of the judgment or other appealable order. Although under longstanding Arkansas custom opposing counsel have been given an opportunity to approve a judgment or order prepared by opposing counsel, circumstances have arisen where counsel did not receive that opportunity and did not otherwise receive notice that a judgment had been entered.

(Citations omitted.)

In an affidavit filed with the motion to extend appeal time, counsel for appellant stated that he did not receive a copy of the "entered judgment" and "a search of the files has failed to locate the judgment." At the post-trial hearing the court heard the testimony of Debbie Beech, a Baxter County Clerk. She testified that the trial judge brought her the judgment together with a postage-prepaid highway department envelope. She testified that the judge asked her to file the judgment and mail copies. She said that she put a copy of the judgment in the envelope and placed it in the outgoing-postage box in the courthouse. She also testified that she always sees to it that both attorneys are notified when a judgment is entered. In a discussion with the court and opposing counsel, the attorney for the appellant said, "It's entirely possible that it got opened up at the Highway Department. I have no idea."

At the conclusion of the hearing, the court said, "I'm not convinced a copy wasn't mailed and I don't have any assurance here that the Highway Commission did not receive it."

The trial court clearly found that there had been no "showing of failure to receive notice of entry of the judgment," and that finding of fact is adequately supported by the record. Under the language of the rule, as amended, such a showing is a

prerequisite to the trial court's exercise of discretion to extend the time for appeal. Absent such a showing, the trial court does not have discretionary authority to extend the appeal time. In the case at bar, because the trial court found adversely to appellant on the factual issue of receipt of the judgment, the court lacked authority to extend the time for filing of a notice of appeal.

At the post-trial hearing, the trial judge expressed his opinion that the appeal was without merit and indicated his disapproval of the apparent policy of the appellant to appeal every case in which it has received an adverse decision. Appellant argues that these statements evidence an abuse of discretion, but as we have said, once the court determined that there had not been a showing of failure to receive notice, the court was without discretion to extend the time for appeal.

■ Appellant also contends that the trial judge abused his discretion in not setting the judgment aside. Because this contention is not supported by persuasive authority or convincing argument, we need not address it. *Wye Community Club, Inc.* v. *Harmon*, 26 Ark. App. 247, 764 S.W.2d 55 (1989).

Affirmed.

COOPER and ROGERS, JJ., agree.