CHICKASAW CHEMICAL COMPANY *v.* Thom E. BEASLEY, Administrator of the Estate of Harry Beasley, Deceased, Vance Beasley, D/B/A Beasley & Son, a Partnership

97-375                                                     944 S.W.2d 511

Supreme Court of Arkansas
Opinion delivered May 5, 1997

*William P. Rainey*, for appellant.

*Easley, Hicky, Cline & Hudson,* by: *Preston G. Hicky,* for appellees.

PER CURIAM. Appellees, Tom E. Beasley, Executor of the Estate of Harry Beasley, Deceased, and Vance Beasley, d/b/a Beasley & Son, a Partnership (Beasley), move the court for a dismissal of the appeal filed by appellant, Chickasaw Chemical Company. The motion is premised on the fact that the first notice of appeal filed by Chickasaw Chemical was not timely and that the motion for extension of time was also untimely. We agree with Beasley on both counts and grant the motion.

On September 6, 1996, judgment was entered in this matter in favor of Beasley. On September 16, 1996, Chickasaw Chemical filed motions for a new trial and for a judgment notwithstanding the verdict. On September 30, 1996, the motions were denied by the trial court in open court. On October 2, 1996, Chickasaw Chemical filed its notice of appeal.

On October 8, 1996, the order denying Chickasaw Chemical's motions for new trial and for judgment notwithstanding the verdict was entered by the trial court. On November 18, 1996, Chickasaw Chemical moved for an extension of time to file a notice of appeal. The motion for an extension was heard by the trial court, and on December 2, 1996, an order was entered by the trial court denying the motion. On December 3, 1996, Chickasaw Chemical filed a second notice of appeal from the original judgment, the order denying the post-judgment motions, and the order denying the extension of time in which to file an appeal.[1]

The notice of appeal was not timely filed in this matter. The first notice of appeal was filed on October 2, 1996, before judgment was entered and, thus, was a nullity. *Kimble v. Gray,* 313 Ark. 373, 853 S.W.2d 890 (1993). *See also* Ark. R. App. P.—Civ. 4. A notice of appeal was required to be filed within 30 days from the date the order was entered on October 8, 1996, and this was not done. Ordinarily, the trial court would have lost jurisdiction

---

[1] As a collateral point, the partial record provided by Beasley contains an affidavit from the court reporter in which she states that the tapes and the transcript of the trial in this matter have been lost or stolen.

of this matter when a notice of appeal was not filed. *Phillips v. Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991). *See also Deason v. Farmers & Merchants Bank*, 299 Ark. 167, 771 S.W.2d 749 (1989). However, under Ark. R. App. P.—Civ. 4(a), upon a showing of failure to receive a judgment, a party may move for an extension of time to file the notice of appeal:

> Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed sixty (60) days from the expiration of the time otherwise prescribed by these rules. Such an extension may be granted before or after the time otherwise prescribed by these rules has expired; *but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.* (Emphasis added.)

As Chickasaw Chemical points out, Rule 4(a) permits a request for an extension of time even after the time for a notice of appeal has expired. But that is conditioned upon failure to receive notice of the order from which the appeal is sought. Chickasaw Chemical maintains that it did not receive a copy of the order denying the motions. Beasley disagrees. Nevertheless, Chickasaw Chemical should have been aware of the deemed-denied date for its posttrial motions and the fact that a notice of appeal was required to be filed within 30 days from that date, which was by November 15, 1996. Neither a notice of appeal nor a motion for extension of time was filed by that date. Under these facts, we conclude that the narrow exception set out in Rule 4(a) does not apply.

Motion granted.