Gale Hussman ARNOLD *v.* CAMDEN NEWS PUBLISHING COMPANY and Walter E. Hussman, Jr., Individually and as Trustee of the Walter E. Hussman, Jr., Family Trust

01-1228                                                    110 S.W.3d 268

Supreme Court of Arkansas
Opinion delivered June 12, 2003

*Hatfield & Lassiter*, by: *Richard F. Hatfield*; and *Pillsbury Winthrop LLP*, by: *Frederic T. Spindel*, Of Counsel, for appellant.

*Williams & Anderson LLP*, by: *Philip S. Anderson, Jess Askew III*, and *D. Nicole Lovell*, for appellees.

W H. "DUB" ARNOLD, Chief Justice. Appellant, Gale Hussman Arnold, brings this appeal from a July 26, 2001, order denying her motion to extend the time to file a notice of appeal with respect to a decree entered by the Pulaski County Chancery Court on November 27, 2000. We affirm the trial court's denial of appellant's motion to extend the time to file a notice of appeal.

Appellant had originally initiated suit against appellees in the trial court, the specific underlying allegations of which are irrelevant for purposes of the instant appeal. At the close of discovery, all parties filed motions and cross-motions for summary judgment. After conducting a hearing on the motions, the court advised counsel by letter dated October 27, 2000, of its intention to grant summary judgment in favor of appellees and to deny appellant's motion for partial summary judgment. In the letter, the trial court asked counsel for appellees to prepare the precedent and provide appellant's counsel five days to look over the precedent and make any comments regarding same.

On November 13, 2000, a precedent was delivered from counsel for appellees to the court and to appellant's counsel, located both in Little Rock and Washington, D.C. On November 20, 2000, via facsimile letter sent to the trial judge's chambers, counsel for appellant informed the court that counsel had no comments on the precedent but expressly reserved appellant's right to appeal from the findings and conclusions found in the decree. On November 27, 2000, the decree was file-stamped and entered by the clerk of the trial court, having previously been signed by the trial judge on November 22, 2000. The decree found that appellant's claims were barred by the statute of limitations, laches, and equitable estoppel.

Appellant's Little Rock counsel contends that he learned of the actual entry of the order on January 26, 2001, some sixty days after entry of the order, through an inquiry made that day to the clerk regarding the status of the decree. This inquiry, according to appellant's Little Rock counsel, was prompted by a request from appellant's Washington, D.C., counsel, who had met with appellant at that time. Both appellant's Little Rock and Washington,

D.C., counsel contend that they never received a copy of the decree entered of record, nor were they aware that the decree had been entered.

On February 8, 2001, eight days after learning that the order had been filed sixty days previously, and seventy-three days after the actual entry of the order itself, appellant moved, after obtaining a copy of the decree, to extend the time to file a notice of appeal pursuant to Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure—Civil. The motion repeated that neither appellant nor her counsel had received a signed copy of the court order or a copy of the filed decree, that they had anticipated that the court would notify them of the decree upon its entry, and that they simply thought that the court was taking time to consider the precedent. Affidavits were presented from appellant and her counsel, attesting to these facts. In requesting the extension of time, appellant maintained that no prejudice would result if the time to file a notice of appeal was extended; appellant further averred that a motion was, in fact, filed within the 180-day time limit after entry of the order from which the appeal was sought, pursuant to Rule 4(b)(3).

The trial court denied appellant's motion for extension of time to file notice of appeal from the decree, finding that Rule 4(b)(3) represents a narrow exception to Rule 4(a), which requires that a notice of appeal be filed within thirty days from entry of the ruling from which the appeal is taken. The trial court reasoned that the integrity of the thirty-day rule must be protected and found that "[t]he burden of diligence is on all parties to stay informed about the status of a case as a matter of Arkansas case law." The trial court concluded that appellant was aware, as of November 20, 2000, that entry of the decree "could occur at any time," but failed to exercise "reasonable diligence" by monitoring the docket afer November 20th.

Appellant now appeals the order denying her motion for extension of time to file notice of appeal. For her only point on appeal, appellant asserts that the trial court erred in engrafting a due diligence requirement onto Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure—Civil to foreclose the granting of a

motion to extend the time for filing a notice of appeal where appellant satisfied all of the conditions prescribed by the rule.

## I. Standard of Review

■ ■ Both parties agree that the standard of review of the denial of a motion to extend the time to file a notice of appeal is an abuse-of-discretion standard. The trial court's refusal to grant it, therefore, will not be reversed on appeal unless an abuse of discretion is shown. *Cf. Sharp Co. v. Northeast Ark. Planning & Consulting Co.*, 269 Ark. 336, 602 S.W.2d 627 (1980). An abuse of discretion means a discretion improvidently exercised, *i.e.*, exercised thoughtlessly and without due consideration. *Jones v. Double "D" Properties, Inc.*, 02-717 (Ark. 2-20-2003), 98 S.W.3d 405 (2003); *Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995); *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993).

## II. Merits

Rule 4 of the Arkansas Rules of Appellate Procedure—Civil states, in pertinent part, as follows:

> (a) *Time for filing notice of appeal.* Except as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. A notice of cross-appeal shall be filed within ten (10) days after receipt of the notice of appeal, except that in no event shall a cross-appellant have less than thirty (30) days from the entry of the judgment, decree or order within which to file a notice of cross-appeal. A notice of appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered.
>
> (b) *Extension of time for filing notice of appeal.*
>
> * * *
>
> (3) Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought and a determination that no party would be prejudiced, the circuit court *may*, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of

appeal for a period of fourteen (14) days from the date of entry of the extension order. Notice of any such motion shall be given to all other parties in accordance with Rule 5 of the Arkansas Rules of Civil Procedure.

[Emphasis added.]

Here, appellant asserts that the trial court erred in denying her motion by reasoning that neither she nor her counsel used reasonable diligence to apprize themselves of the status of the order and by finding that it is the burden of all parties to stay informed about the status of a case "as a matter of Arkansas case law." Appellant cites to the "Addition to Reporter's Notes" following the Rule and asserts that under Rule 4, as amended in 1999, a trial court *should* grant a party's motion for extension of time when the party can show two things: first, that he or she did not receive notice of the entry of the order; and, second, that said motion for extension was filed within 180 days of entry of the order. Here, appellant asserts that she has satisfied those two requirements and that, although Rule 4(b)(3) states that the trial court "may" grant the motion for extension, the court is actually under a duty to grant same, if movant has satisfied those requirements. We disagree.

■ Appellant has agreed that the standard of review is abuse of discretion; further, appellant has admitted that on November 20, 2000, her own counsel informed the court that counsel had no comments on the precedent submitted by appellee. We, therefore, hold as the trial court did, that appellant should therefore have been aware that the order could then be entered at any time.

Appellant asserts, and we acknowledge that Rule 4 does not speak of a party's obligation to use diligence. However, it is only logical and reasonable that parties assume some modicum of obligation to exercise diligence in keeping up with the status of their case, *particularly* when they know that a precedent has been submitted and approved by both sets of counsel and is simply waiting approval by the court. It is, in fact, mandated by the Model Rules of Professional

Conduct that attorneys exercise due diligence on behalf of their clients. *See* Model Rules of Professional Conduct 1.3.

We do not believe that the trial judge in this case was attempting to install a *new* diligence standard into the rule; rather, he was applying a standard that this Court has consistently interpreted as being part of the Rule, that a lawyer and litigant must exercise reasonable diligence in keeping up with the docket. *See Chickasaw Chemical v. Beasley*, 328 Ark. 472, 944 S.W.2d 511 (1997). Courts construe their own rules using the same means as are used to construe statutes. *See Huffman v. Arkansas Judicial Discipline and Disability Commission*, 344 Ark. 274, 42 S.W.3d 386 (2001). It is well settled that once this Court has interpreted its rules or statutes, that interpretation subsequently becomes a *part* of the rule or statute itself. *See Pifer v. Single Source Transportation*, 347 Ark. 851, 69 S.W.3d 1 (2002); *Night Clubs, Inc. v. Fort Smith Planning Comm'n*, 336 Ark. 130, 984 S.W.2d 418 (1999); *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993).

Appellant maintains that the "Addition to Reporter's Note" to the 1999 Amendment of Rule 4 places our Rule in line with that of the similar Federal Rule of Appellate Procedure 4(a)(6), under which an extension of time would be granted, regardless of diligence. However, the federal rule requires the clerk to send entered precedents to counsel of record. Unlike the federal rule, our Rule 4 contains no such requirement. It remains the duty of the parties to make themselves aware of the status of their cases, particularly when, as in this case, counsel for appellant was aware that the order could be entered by the court at any time. We, therefore, hold that the trial court did not abuse its discretion in denying appellant's motion to extend the time to file notice of appeal.

Affirmed.

SPECIAL JUSTICES WARREN DUPWE, CURT HUCKABY, and W. KELVIN WYRICK join in this opinion.

CORBIN, BROWN, IMBER, and THORNTON, JJ., not participating.