Anthony SLOAN, M.D., and Valerie Sloan, M.D. *v.*
ARKANSAS RURAL MEDICAL PRACTICE LOAN and
SCHOLARSHIP BOARD; and Alan Sugg, in His Official Capacity
as President of the University of Arkansas

06-1477                                              255 S.W.3d 834

Supreme Court of Arkansas
Opinion delivered April 26, 2007

*Hardin, Jesson & Terry, PLC,* by: *Elizabeth Andreoli; Kutak Rock, LLP,* by: *Kathleen Reynolds,* for appellants.

*Elizabeth Thomas Smith,* Associate General Counsel, University of Arkansas for Medical Science, for appellee the Arkansas Rural Medical Practice Loan and Scholarship Board.

*Dustin McDaniel,* Att'y Gen., by: *Scott P. Richardson,* Ass't Att'y Gen., and *Jeremy C. Lasiter,* Ass't Att'y Gen., for appellee.

Toм Glaze, Justice. Appellants, Doctors Anthony and Valerie Sloan ("the Sloans"), entered into Community Match Contracts with the Rural Medical Practice Student Loan and Scholarship Board ("the Board") and the community of Corning, Arkansas. Under the terms of the contract, the Sloans promised to practice primary-care medicine in the Corning community following the completion of their medical school and residency training. In exchange for their promise to practice in Corning, the Board and Corning contributed to annual loans for the Sloans' medical-school tuition.

Upon completion of their medical training, the Sloans returned to Corning, but the Sloans soon alleged that, due to the circumstances in Corning, it was impossible to practice medicine in the Corning community. For instance, they alleged that, since they had entered into their agreement, things had drastically changed in Corning — the existing physician population had more than doubled from three to seven, and the clinic they were promised was insufficient to practice medicine and provide them a living. As a result, the Sloans decided not to practice full-time in Corning, as they agreed under the contract. The Board determined that the Sloans were in breach of the parties' contract, and it demanded repayment of their medical-school loans, with interest and penalties, and notified the State Medical Board to suspend the Sloans' medical licenses for breach of the Community Match Contract.

The Sloans appealed the Board's decision to Alan Sugg, President of the University of Arkansas, as permitted under the Rural Practice Act. *See* Ark. Code Ann. § 6-81-714 (Repl. 2003). President Sugg affirmed the Board's decision. The Sloans then sought judicial review and declaratory judgment in Pulaski County Circuit Court. In an order dated June 23, 2006, the circuit

court concluded that neither the Rural Practice Act nor the Administrative Procedures Act provided for the appellate review of President Sugg's decision. Consequently, the circuit court denied the Sloans' petition for judicial review and declaratory judgment.

On September 29, 2006, the Sloans filed a notice of appeal, wherein they purported to appeal the circuit court's order entered on June 23, 2006. It is self-evident that the Sloans' notice of appeal was filed outside of the 30 days required for filing the notice under Ark. R. App. P. – Civ. 4(a) (2006); that period of time expired on July 24, 2006.[1]

The Sloans tried to reconcile this jurisdictional problem by filing a motion on September 21, 2006, to "extend the time for filing a notice of appeal" under Ark. R. Civ. P. 4(b)(3) (2006), contending that the circuit clerk's office "failed to disseminate the order" to the parties and attorneys until September 7, 2006. Without holding a hearing, the circuit court granted the Sloans' motion on September 21, 2006, and, consequently, the Sloans filed the September 29, 2006, notice of appeal within 14 days of the circuit court's order extending the time. *See* Ark. R. App. P. – Civ. 4(b)(3). The jurisdictional issue now before the court is whether the Sloans' allegations regarding the clerk's asserted negligence or failure to provide copies of the circuit court's order on June 23, 2006, was reason for the Sloans to file a belated appeal. *See* Ark. R. App. P. – Civ. 4(b)(3). In *Arkco Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 444 (2004), we explained:

> [I]t is only logical and reasonable that parties assume some modicum of obligation to exercise diligence in keeping up with the status of their case . . . . It is, in fact, mandated by the Model Rules of Professional Conduct that attorneys exercise due diligence on behalf of their clients. *See* Model Rules of Professional Conduct 1.3.

*Arkco Corp. v. Askew*, 360 Ark. 222, 227-28, 200 S.W.3d 444, 448 (2004) (citing *Arnold v. Camden News Publishing Co.*, 353 Ark. 522,

---

[1] The thirtieth (30th) day fell on Sunday, July 23, 2006, causing the 30-day period for filing a notice of appeal to extend until the end of the next day the Clerk's office was open. Ark. R. Civ. P. 6 (2006). Thus, the thirty days expired on July 24, 2006.

528, 110 S.W.3d 268 (2003)).[2] Stated simply, the record must reflect that the parties exercised diligence in keeping up with the status of the case. *Id.*

Here, as mentioned above, the record reflects that the Sloans filed a motion requesting that the circuit court extend the time for filing the notice of appeal because the clerk's office had "failed to disseminate the order" to the Sloans. This bare allegation is the only evidence *in the record* used to assert grounds for an extension under Rule 4(b)(3).[3] This conclusion and self-serving allegation falls far short of establishing the diligence required of the Sloans and their attorneys so they may acquire any help or benefit from Rule 4(b)(3). *See Arkco Corp. v. Askew, supra.* Because the Sloans did not satisfy Rule 4(b)(3)'s due-diligence requirement to entitle them to receive a notice-of-appeal extension, we are without jurisdiction of this appeal.

The Sloans have also filed a motion asking our court to dismiss the appeal, pursuant to Ark. R. Civ. P. 54(b) (2006), for lack of a final order. However, we must first consider the jurisdictional issue related to the timeliness of the notice of appeal before proceeding to the Rule 54(b) issue raised in the Sloans' motion.

The timely filing of the notice of appeal and record is a threshold jurisdictional prerequisite for this court. Rule 4(a) of the

---

[2] Following *Askew*, we revised Rule 4(b)(3) in 2006 to expressly reflect its holding. Reporter's Notes to Ark. R. App. P. – Civ. 4 (2006 Amendment). *See also* Newbern & Watkins, *Arkansas Civil Practice and Procedure,* § 40.4 (2007) (stating, "As amended in 2004, [Ark. R. App. P. – Civ. 4(b)(3)] compelled the circuit court to grant an extension of time upon finding that notice of the judgment, order, or decree had not been received and that no party would be prejudiced by an extension. However, the Supreme Court subsequently held that diligence by counsel 'in keeping up with the court's docket' must also be shown to warrant the extra time.' "); John J. Watkins, *Notice of Appeal: Timing is Everything,* 30 Ark. Law 13 (1996) (citing *Ark. State Hwy. Comm'n v. Philrite Dev., Inc.,* 30 Ark. App. 88, 782 S.W.2d 595 (1996)).

[3] In response to the Board's motion to dismiss for failure to timely file the notice of appeal, the Sloans attached an affidavit to their motion before this court, explaining how they were diligent in checking the circuit court's docket. However, this affidavit was not presented to the circuit court. In fact, it was not signed until after the record was closed, and it is well settled that evidence outside of the record cannot be considered on appeal. *See Pirtle v. Southern Lumber Co.,* 98 Ark. 266, 135 S.W. 908 (1911); *Hudson v. Kyle,* 365 Ark. 341, 229 S.W.3d 890 (2006). Even if this court could consider these affidavits, it raises the question of why, if the two affiants were closely monitoring the progress of this case and its appeal, did the Sloans fail to discover when it was filed and wait almost three months to request an extension for their appeal?

Arkansas Rules of Appellate Procedure – Civil states in relevant part that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment decree or order *appealed from.*" Ark. R. App. P. – Civ. 4(a) (emphasis added). As a matter of practice, our clerk will not allow an appeal to proceed without both a timely notice of appeal and record. The reason for this practice is that Ark. R. App. P. – Civ. 4 is paramount to appellate-court jurisdiction. The plain language of the rule requires that the notice of appeal be filed within thirty (30) days from the judgment decree or order *appealed from.* Rule 4(a). While Ark. R. App. P. – Civ. 2 sets forth the orders that are appealable, it is for the appellate court to determine whether the order properly fits within one of Rule 2's subsections once an appeal is lodged. For example, Ark. R. App. P. – Civ. 2(a)(11) provides that an appeal may be taken from an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties if the circuit court has directed entry of a final judgment as to one or more but fewer than all the claims or parties and has made an express determination that there is no just reason for delay and has executed the certificate required by Ark. R. Civ. P. 54(b). Whether an order has properly been appealed pursuant to Rule 54(b) is indeed a jurisdictional question, which this court may address *sua sponte. See e.g. Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005). However, such a determination for Rule 2 purposes is *always* secondary to whether a timely notice of appeal and record has been filed.

■ Notably, a review of our case law reveals no instance where this court has ever dismissed a case for a lack of a final order without the notice of appeal and record having been timely filed, nor have the Sloans cited any such authority. The reason is logical — when the notice of appeal and record are not timely filed, our clerk does not permit the appeal to be lodged.[4]

Therefore, because the notice of appeal in the instant case was not properly and timely filed within thirty (30) days of the "order appealed from," this court is without jurisdiction of this case.

Appeal dismissed.

---

[4] The clerk's office was obligated to lodge the instant appeal because the Sloans received an extension for filing their notice of appeal under Rule 4(b)(3), but, as was explained earlier, that extension was erroneous.