2009 Ark. 166

**Sandy TISSING, as Administratrix of the Estate of Lula Barkus, Deceased, Appellant,**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,**
Appellee.

No. 08–1208.

Supreme Court of Arkansas.

April 2, 2009.

Rehearing Denied May 7, 2009.

The Law Offices of Christopher O'Hara Carter, P.A., by: Christopher O'Hara Carter, Yellville, for appellant.

Richard N. Rosen, Office of Chief Counsel, Little Rock, for appellee.

DONALD L. CORBIN, Justice.

Appellant Sandy Tissing, as Administratrix of the Estate of Lula Barkus,[1] appeals the order of the Marion County Circuit Court granting a motion to dismiss her appeal of an adverse decision rendered by Appellee Arkansas Department of Human Services for failure to perfect service in accordance with Rule 4 of the Arkansas Rules of Civil Procedure. On appeal, Appellant argues that her appeal was dismissed in error because she was not required to comply with Rule 4, where this was an appeal to circuit court from an agency decision pursuant to the Administrative Procedure Act, codified at Ark. Code Ann. §§ 25–15–101 to –218 (Repl. 2002 & Supp. 2007). As this appeal involves interpretation of our Rules of Civil Procedure, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(6). For the reasons set out below, we dismiss the appeal.

At the time of her death, Lula Barkus was receiving long-term-care Medicaid benefits. Upon her death, DHS filed a claim against the Barkus Estate to recover part of the benefits it paid on her behalf.

---

1. The last name of the decedent is spelled differently throughout the pleadings and in the briefs to this court, but we have adopted the spelling as set forth in the notice of appeal.

Tissing, as the Estate's administratrix, sought a hardship waiver to prevent the recovery of Estate assets. The waiver request was considered and denied by the Division of County Operations–Hardship Waiver Committee. Tissing appealed the Committee's decision, and a hearing was held before DHS's administrative law judge (ALJ). Following the hearing, the ALJ entered a written order finding that Tissing failed to present any compelling evidence to support her burden of proof that a recovery would work an undue hardship on the heirs of the Estate. The ALJ concluded that the Committee correctly denied Tissing's request for a hardship waiver.

After receiving the ALJ's decision, Tissing filed a notice of appeal on February 21, 2006, in Marion County Circuit Court, pursuant to section 25–15–212. That same day, Tissing sent counsel for DHS a letter and file-marked copy of the notice of appeal that she filed in circuit court. Tissing followed up with a letter to DHS's counsel on May 16, 2006, noting that the transcript from the administrative hearing had not yet been filed in circuit court. Counsel for DHS replied by letter on May 23, 2006, stating that DHS had not been served with any lawsuit filed in circuit court and asking for proof of service of the complaint or petition for judicial review. Tissing responded on September 25, 2006, by letter and included another copy of the notice of appeal she previously filed.

On October 2, 2006, Tissing filed a motion for summary judgment, arguing that DHS had failed to comply with the requirement of section 25–15–212 in that it failed to file the agency record with the circuit court. Tissing averred that she served the notice of appeal on counsel for DHS as required. The next day, DHS filed a motion to dismiss, arguing that Tissing failed to serve the director of DHS with a copy of a complaint and summons, as required by section 25–15–212(b)(2) and Rule 4(d)(7).

A hearing on the motions was held before the circuit court on March 7, 2007. There, Tissing argued that when a party files an appeal from an administrative proceeding, service is governed by Ark. R. Civ. P. 5 and that service by mail is all that was required. DHS countered that the matter was governed by Rule 4(d)(7) that requires service upon the director of DHS. The circuit court took the matter under advisement to consider each party's argument and their respective briefs on the issue. On August 31, 2007, the trial court entered a letter order stating that it was granting DHS's motion to dismiss, finding that

[c]learly, the Administrative Procedures Act contemplates the filing of a "petition" to initiate the process of judicial review of the final order of the administrative proceedings. The Court has carefully examined the language of the Administrative Procedures Act in order to determine that more than a simple "Notice of Appeal" is required by the Act. That is the language specified that a petition needs to be made which suggests to this Court that is more in the nature of a formal complaint setting out the grounds for the review. The language of the Act then goes on to specify that that petition is to be served in accordance with the Rules of Civil Procedure. The Court feels that the only logical conclusion is that petition is to be served as provided in the Rules of Civil Procedure in accordance with how petitions initiating Court action are to be filed under Rule 4 of the Arkansas Rules of Civil Procedure.

The court went on to find that the language of Rule 5 applied only to pleadings filed after the initiating complaint; and, thus, the petition for judicial review should have been served pursuant to Rule 4(d)(7).

A written order reflecting the circuit court's findings was entered on February 21, 2008. Tissing, unaware of the February 21 order, had the court sign a copy of the prepared order and filed it with the clerk on April 1, 2008. Tissing then filed a notice of appeal on April 28, 2008, and sent a copy of it to DHS, with a request that DHS look through its records for the original order. DHS sent a letter dated May 5 to the Marion County circuit clerk, attaching the February 21 order and asking the clerk to "file" it. Then, on August 7, 2008, Tissing filed a motion, pursuant to Ark. R.App. P.–Civ. 4(b)(3), for extension of time to file her notice of appeal. Therein, Tissing stated that she did not receive notice of the February 21 order and that DHS's filing of the February 21 order on May 6 rendered her notice of appeal untimely. The trial court entered an order on August 19, 2008, granting Tissing's motion after finding that the allegations in her motion were true and that there was no prejudice to DHS. Tissing subsequently filed a notice of appeal on August 28, 2008, from the February 21, April 1, and August 19 orders. The record was lodged with this court on October 15, 2008.

On appeal, Tissing argues that the circuit court erred in dismissing her appeal from DHS's administrative decision because she properly served counsel for DHS with a copy of the notice of appeal as required by Rule 5. DHS counters that Rule 5 is only applicable to pleadings filed after the initiating complaint and that the controlling rule is Rule 4(d)(7) that requires service of the petition on the director of DHS. This appears to be an issue of first impression. Before we can reach the merits of Tissing's argument, however, we must first determine whether we properly have jurisdiction of the instant appeal. Although neither party raises any issue regarding subject-matter jurisdiction, it is a matter that can and indeed must be raised by this court sua sponte. *James v. Williams,* 372 Ark. 82, 270 S.W.3d 855 (2008).

In the instant case, two separate notices of appeal were filed: one on April 28, 2008, purporting to appeal the April 1 order, and one on August 28, 2008, appealing the orders of February 21, April 1, and August 19. In seeking an extension of time to file the August 28 notice of appeal, Tissing averred that she had not received notice that the February 21 order had been filed; that she and her attorney had acted diligently in pursuing the appeal; and through no fault of their own, filed the untimely notice of appeal on April 28. The trial court apparently held a telephone conference and subsequently granted the Appellate Rule 4(b)(3) motion.[2] In so doing, the circuit court abused its discretion.

This court has consistently held that in order to avail one's self of relief under Appellate Rule 4(b)(3), the party who did not receive notice of the entry of an order must act with diligence in keeping up with the case status. *See Sloan v. Ark. Rural Med. Practice Loan & Scholarship Bd.,* 369 Ark. 442, 255 S.W.3d 834 (2007); *Arkco Corp. v. Askew,* 360 Ark. 222, 200 S.W.3d 444 (2004); *Arnold v. Camden News Publ'g Co.,* 353 Ark. 522, 110 S.W.3d 268 (2003).

In *Sloan,* 369 Ark. 442, 255 S.W.3d 834, the jurisdictional issue before the court was whether the Sloans' allegations regarding the clerk's asserted negligence or failure to provide copies of the circuit court's order was reason for the Sloans to file a belated appeal. This court determined that the Sloans failed to act diligently in keeping up with the status of their case and, thus, it was error for the trial

---

**2.** Although the circuit court's order reflects that a telephone conference took place on August 15, 2008, the substance of any such conference is not in the record before us.

court to grant the motion for extension of time to file the notice of appeal.

In reaching the decision we did in *Sloan*, this court cited to our opinion in *Arkco*, 360 Ark. 222, 200 S.W.3d 444. There, the appellee argued that the trial court should have denied the appellant's request for an extension under Rule 4(b)(3) because there was no proof that the appellant acted diligently. Specifically, the appellee argued that where the appellant knew that the order had been signed by the judge before December 19, 2003, it should have known it would have been filed in the clerk's office either the day it was signed or shortly thereafter. Further, the appellant contended that if the appellee and its attorney did not know that the order had been filed, such lack of knowledge was due to a failure to monitor the status of the case. Finally, the appellant asserted that, even if the appellee could have reasonably believed that the order was not going to be entered until sometime around January 5, 2004, there was no reason to have waited until January 26, 2004, to check on the status of the order's filing.

In addressing the propriety of the extension, this court noted that there had been a recent modification in Appellate Rule 4(b)(3) that made it mandatory for a trial court to grant an extension if the dictates of the Rule are complied with. While we acknowledged the modification, we explained that "the court had 'consistently interpreted' the rule as containing a diligence requirement, and 'once this court has interpreted its rules or statutes, that interpretation subsequently becomes a *part* of the rule or statute itself.'" *Id.* at 228, 200 S.W.3d at 448 (quoting *Arnold*, 353 Ark. at 528, 110 S.W.3d at 272). The court further stated that the diligence requirement on the part of the attorney was unaffected by the modification, as the change to "shall" referred to the trial court's duty, rather than to the attorney's responsibilities. This court concluded in *Arkco* that the appellant's attorney failed to exercise due diligence in keeping up with the court's docket to determine whether the December 19, 2003 order had been entered. Accordingly, because the appellant's counsel offered no proof that he acted diligently, the trial court erred in granting his motion under Appellate Rule 4(b)(3), and we dismissed his appeal. After this court's decision in *Arkco,* Rule 4(b)(3) was amended to include a specific requirement of a "showing of diligence by counsel." This amended version of Rule 4(b)(3) is controlling here.

In the instant case, there is also a lack of diligence on the part of counsel. Nowhere in Tissing's petition does it state that counsel investigated the status of the order he knew to have been prepared and actually saw in the trial court's office on September 14, 2007. Counsel even ordered the transcript from the court reporter on September 25, 2007, notified DHS by letter dated January 23, 2008, that he saw the signed order but that it had never been filed, and still waited until March 31, 2008, to request that the circuit court sign a copy of the order that he then filed on April 1, 2008. As we noted in *Arkco*, 360 Ark. 222, 200 S.W.3d 444, Rule 1.3 of the Model Rules of Professional Conduct requires an attorney to act with diligence and promptness in representing a client. Clearly, counsel failed to monitor the status of this case, and where he failed to act diligently, it was error for the circuit court to grant Tissing's motion under Appellate Rule 4(b)(3). Because the circuit court erred in granting the motion, Tissing's notice of appeal was untimely, and we must dismiss her appeal.

Appeal dismissed.