2011 Ark. 278

**In the Matter of the ESTATE OF Charlotte STINNETT, Deceased.**

**Darrell Brown, Sr., Appellant**

v.

**Velma Ann Bell Wilson and Melvin Shane Bell, Appellees.**

No. 10–906.

Supreme Court of Arkansas.

June 23, 2011.

Darrell F. Brown, pro se appellant.

Skinner Law Firm, P.A., by: Jack Skinner, Greenwood, for appellees.

DONALD L. CORBIN, Justice.

Appellant, Darrell Brown, Sr., appeals the order of the Sevier County Circuit Court Probate Division modifying its previous order authorizing distribution of net remaining settlement proceeds and declaring that, as a disbarred attorney, he was not entitled to any attorney's fee from the remaining settlement proceeds paid by Libya as a result of the 1988 crash of Pan Am Flight 103 over Lockerbie, Scotland, to Appellees, Melvin Shane Bell and Velma Ann Bell Wilson, as heirs of the estate of Charlotte Stinnett, deceased. For reversal, Appellant contends that he was not properly served with Appellees' motion for modification and declaratory judgment or with Appellees' discovery requests and that the circuit court therefore erred in striking his response and entering the order of distribution. The Arkansas Court of Appeals certified this case to this court as one involving issues of first impression, issues upon which there is a perceived inconsistency in the decisions of the two appellate courts, and significant issues needing clarification or development of the law. Jurisdiction is properly in this court pursuant to Arkansas Supreme Court Rule 1–2(b)(1), (b)(2), and (b)(5) (2011). However, as the only argument advanced on appeal is a challenge to the order striking Appellant's response, and as Appellant did not timely file a notice of appeal from the order striking his response, we must dismiss the appeal with prejudice.

Although Appellant did timely file a notice of appeal from the circuit court's order authorizing the distribution of settlement proceeds and modifying its previous order that Appellant be named as co-payee on the settlement funds, Appellant's sole point for reversal is a challenge to the circuit court's earlier order striking his response. Appellant's argument is centered upon a claim of ineffective service of

the summons and discovery requests. While Appellees respond to the merits of Appellant's argument with a claim that the defenses of insufficiency of process and service of process were waived pursuant to Rule 12(h)(1) of the Arkansas Rules of Civil Procedure, Appellees also question the timeliness of the notice of appeal.

■ The timely filing of a notice of appeal is a jurisdictional prerequisite for this court. *Sloan v. Ark. Rural Med. Practice Loan & Scholarship Bd.*, 369 Ark. 442, 255 S.W.3d 834 (2007). We must therefore address this issue first, as the jurisdiction of this court depends upon the calculation of filing deadlines in the Arkansas Rules of Appellate Procedure—Civil. *U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003). This jurisdictional issue is the basis upon which we accepted certification from the court of appeals.

|₃Rule 4(a) of the Arkansas Rules of Appellate Procedure—Civil provides that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree, or order appealed from." Ark. R.App. P.-Civ. 4(a) (2011). Appellant's notice of appeal was filed on June 25, 2010, and identified the order being appealed from as the "Order Authorizing Distribution of Net Remaining Settlement Proceeds," which was entered of record on May 26, 2010.

Our analysis of the jurisdictional issue does not stop here, however, due to the nature of the only argument raised on appeal. As previously noted, Appellant's sole point for reversal is a contention that the circuit court erred in granting Appellees' motion to strike his response as a sanction for violating discovery orders pursuant to Rule 37(b)(2)(C) of the Arkansas Rules of Civil Procedure, and therefore erred in granting the order of distribution. Because the only argument Appellant advances on appeal is centered upon the

actions of the circuit court in entering the order striking Appellant's response, Appellees contend that the order being appealed is the order striking the response and that Appellant was therefore required by Rule 4(a) to file a notice of appeal within thirty days of the order striking the response. Appellees rely on Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure—Civil, which provides that "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action" is an appealable order. Ark. R.App. P.-Civ. 2(a)(4) (2011). Appellant replies that his notice of appeal was timely as to the order authorizing distribution and that such order is a final order that, pursuant to Rule 2(b) of the Arkansas Rules of Appellate Procedure—Civil, |₄brings up for review any intermediate orders involving the merits and affecting the judgment. Thus, the issue then is whether Appellant must immediately appeal the order striking his response or whether he may elect to wait until entry of the final order in the case to challenge the order striking the response.

In considering this jurisdictional issue, we are not unmindful that this is an appeal from the probate division of the circuit court and that under Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure—Civil and Arkansas Code Annotated section 28-1-116 (Repl.2004), all orders in probate cases, except an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator, are appealable at the interlocutory stage. Thus, even if we viewed the order to strike Appellant's response as an order that was appealable simply as an order of a probate court rather than as an order striking a response under Rule 2(a)(4), the notice of appeal would still have been untimely.

We are likewise not unmindful that under section 28-1-116(d), an appeal from a final order of distribution brings up for review all prior, appealable orders and judgments to which an appellant has filed timely written objections. However, the record before us does not demonstrate that the order authorizing distribution of the settlement proceeds is a final order of distribution as defined by Arkansas Code Annotated section 28-53-104 (Repl.2004). For example, the order does not state that the requisite notice has been given or waived, that all claims have been paid or listed, that estate taxes have been paid or provided for, or that the personal representative has been discharged. Therefore, the record before us does not demonstrate that section 28-1-116(d) operates to benefit Appellant in this case. Moreover, section 28-1-116(g)(1) provides, "[e]xcept as otherwise provided in the Probate Code, the provisions as to time, manner, notice, appeal bonds, stays, scope of review, duties of the clerk, and all other matters relating to appellate review shall be determined by the law and rules applicable to appeals in equity cases." Because an order striking a response is an order that is not unique to probate court but is one that could be issued by essentially any court in any type of proceeding, and because section 28-1-116(g)(1) provides as it does, our application of the Rules of Appellate Procedure— Civil to the facts of this case is appropriate despite this case being an appeal from the probate division of the circuit court.

In applying the Rules of Appellate Procedure—Civil, we observe that there is an inconsistency in the decisions of this court and the court of appeals. A similar issue was raised in *U.S. Bank*, 352 Ark. 144, 100 S.W.3d 674, with respect to a class-certification order under Rule 2(a)(9) and an order prescribing class notice under *Union National Bank v. Barnhart*, 308 Ark. 190, 823 S.W.2d 878 (1992). Recognizing that both the class-certification and the class-notice orders were orders that were immediately appealable, this court stated that such interlocutory appeals "must" be filed within thirty days from the entry of those orders pursuant to Rule 4(a)(2). This court did not specifically address whether a timely appeal from a final order would bring up for review the class-certification and class-notice orders as "intermediary orders" under Rule 2(b), however, because U.S. Bank, as appellant, conceded that the only other order appealed from in its notice of appeal was an order granting partial summary judgment, which U.S. Bank further conceded was not a final order.

What is clear from *U.S. Bank*, however, is that if an order is appealable under Rule 2(a), it must be appealed within the thirty days after entry of the order as prescribed by Rule 4(a). This is consistent with this court's statement in *Sloan*, 369 Ark. 442, 255 S.W.3d 834, that the determination of whether an order is appealable under Rule 2 is *always* secondary to the determination of whether the appeal is timely under Rule 4. Thus, *U.S. Bank* and *Sloan* establish that this court will first look to Rule 4 to determine timeliness of a notice of appeal and then to Rule 2 to determine if the order appealed from is an appealable order. Rule 2 governs *which* orders are appealable, while Rule 4 governs *when* those orders must be appealed. Rule 4 uses the word "shall," which is usually interpreted as mandatory, while Rule 2 uses the word "may," which is usually interpreted as discretionary. Accordingly, if an appeal "may" be taken under Rule 2(a), it "shall" still be taken within thirty days from entry of that order under Rule 4(a).

The court of appeals' opinion in *Ray Townsend Farms, Inc. v. Smith*, 91 Ark. App. 22, 207 S.W.3d 557 (2005), is inconsis-

tent with *U.S. Bank*. In *Ray Townsend Farms*, the court of appeals held that although an order appointing a receiver was appealable under Rule 2(a)(7), it did not have to be appealed immediately but could be reviewed as an intermediate order in an appeal from the final order liquidating corporate property. The court of appeals reasoned that because the word "may" is generally interpreted to be discretionary rather than mandatory, Rule 2(a)'s use of the word "may" indicated our intent that the orders enumerated in Rule 2(a) could be appealed immediately at the interlocutory stage but were not required to be. The court of appeals bolstered its reasoning in *Ray Townsend Farms* by citing *Bell v. Wilson*, 298 Ark. 415, 418, 768 S.W.2d 23, 25 (1989), which "expressly overrule[d] *Smith v. Smith*, [235 Ark. 932, 362 S.W.2d 719 (1962)], and those cases holding that the appeal must be taken at an interlocutory stage in the proceedings." However, the reliance on *Bell* as authority for a Rule 2 analysis is misplaced because *Bell* did not involve an order appealable under Rule 2(a). While the court of appeals' decision in *Ray Townsend Farms* is supported by reasoning and citation to authority, it is nevertheless inconsistent with *U.S. Bank*.

■ We resolve the inconsistency among the appellate court decisions by distinguishing between orders that are considered appealable at an interlocutory stage of the case, such as some of the orders enumerated in Rule 2(a), from those orders referred to in Rule 2(b) as "intermediate order[s] involving the merits and necessarily affecting the judgment" that are brought up for review with an appeal from a final order. Accordingly, we hold that the orders that "may" be appeal-

ed at an interlocutory stage under Rule 2(a), "must" still be appealed within thirty days of their entry as required by Rule 4(a). It would be an absurd result for this court to mandate or require that an appeal "must" be taken from certain orders; thus, Rule 2(a)'s use of the word "may" is discretionary in the sense that an appellant may or may not choose to appeal from one of the listed orders, but it is not discretionary in the sense that an appellant "may" elect to appeal immediately or wait until final judgment is entered. This is due in large part to our intent that the reference in Rule 2(b) to "intermediate order[s] involving the merits and necessarily affecting the judgment" is a reference to orders that are not appealable at an interlocutory stage. *See, e.g.*, *Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000) (stating that an order fixing venue is not a final order under Rule 2(a), rather, it is an intermediate order encompassed by Rule 2(b)). *Ray Townsend Farms*, 91 Ark.App. 22, 207 S.W.3d 557, is inconsistent with the approach we clarify today and is hereby overruled.

■ Applying this analysis to the facts of the present case, we conclude that in order for this court to have jurisdiction of a challenge to the circuit court's order striking the response, which is an order that is appealable at the interlocutory stage according to Rule 2(a)(4), Appellant was required to file his notice of appeal from that order within thirty days pursuant to the mandate of Rule 4(a). The order striking the response was entered on April 12, 2010. Appellant's notice of appeal was therefore required to be filed by May 12, 2010. It was not filed until June 25, 2010; therefore, it was untimely.[1] Accord-

---

1. We need not decide whether Appellant's motion to set aside the order to strike was a postjudgment motion that would have extended the time for filing the notice of appeal until thirty days after the motion was ruled upon or deemed denied, because the motion was not ruled upon and the deemed-denied date would therefore have been May 19, 2010.

ingly, the notice of appeal is untimely as to the order striking the response, and this court does not have jurisdiction of any portions of this appeal advancing a challenge to the order striking the response.

As previously mentioned, the notice of appeal *was* timely, however, as to the order authorizing distribution of the proceeds. Appellant does not advance or even articulate on appeal any challenge to the distribution of proceeds other than the argument concerning the order to strike. Accordingly, because the only argument advanced on appeal is a challenge to the order striking the response, and because there was not a timely notice of appeal from the order striking the response, this appeal must be dismissed with prejudice.

For the aforementioned reasons, this court lacks jurisdiction of this appeal, and it is dismissed with prejudice.

Thus, the notice of appeal filed June 25, 2010, would still have been untimely.