Cite as 2022 Ark. App. 42

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-20-694

| | |
|---|---|
| JAMES R. HUMPHREY AND SHIRLEY ANN HUMPHREY, INDIVIDUALLY; PATRICK HUMPHREY, JAMES R. HUMPHREY, AND SHIRLEY A. HUMPHREY, AS TRUSTEES OF THE HUMPHREY 2009 LIVING TRUST, DATED JULY 13, 2009; AND THE HUMPHREY 2009 LIVING TRUST, DATED JULY 13, 2009 | **Opinion Delivered** February 2, 2022<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT<br>[NO. 08ECV-18-253] |
| APPELLANTS | |
| | HONORABLE SCOTT JACKSON, JUDGE |
| V. | |
| CARLA TUTTLE BAILEY | |
| APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This appeal is from an order entered on August 25, 2020, in which the Carroll County Circuit Court denied appellants' motion for extension to file the notice of appeal. The parties in this case are neighboring property owners in the midst of a boundary-line dispute. Appellee Carla Tuttle Bailey filed suit against appellants James R. Humphrey and Shirley Ann Humphrey, individually; Patrick Humphrey, James R. Humphrey, and Shirley A. Humphrey as trustees of the Humphrey 2009 Living Trust, dated July 13, 2009; and the Humphrey 2009 Living Trust, dated July 13, 2009. On appeal, appellants argue that the court did not correctly apply Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure–

Civil. We hold that the circuit court did not abuse its discretion in denying the motion for an extension of time to file a notice of appeal, and we affirm.

On April 2, 2020, the Carroll County Circuit Court ruled in favor of appellee, ordering that she is the owner in fee simple and in lawful possession of land up to the "historic line of Section 4, and that they had possession of the disputed 1.5 acres." Additionally, the court did not move the historic section line, denied appellants' counterclaim for adverse possession or boundary by acquiescence, and denied appellee's claim for slander of title.

Appellants moved for new trial and for amendment to the court's findings of fact and to the judgment ("motion for new trial") on April 13. Appellee then filed her response to the motion for new trial on April 29, to which appellants filed a reply on May 5. The court did not rule on the motion, and it was deemed denied by operation of law on May 13, the thirtieth day after the motion was filed, pursuant to Arkansas Rule of Appellate Procedure–Civil 4(b)(1). However, on May 26, the circuit court ordered a hearing on the appellants' motion for new trial and scheduled the hearing for July 21.

On June 12, the same day that a timely notice of appeal was due, appellants instead moved for a continuance of the hearing. On June 29, there was email correspondence with the trial court assistant and the counsel of record regarding the circuit court's jurisdiction to schedule a hearing. The following day, on June 30, appellants filed a motion and brief in support for extension of time for filing notice of appeal (hereinafter the "motion for extension"). On July 20, appellee filed her response to appellants' motion for extension (hereinafter the "response to motion for extension"). The next day, appellants filed a reply

to appellee's response to motion for extension (hereinafter the "reply for the motion for extension").

The court continued the July 21 hearing to August 18 and conducted a full hearing on the merits of the appellants' motion for new trial—even though it had been denied by operation of law on May 13. At the August 18 hearing, the circuit court also heard argument on the appellants' motion for extension. The circuit court entered an order denying appellants' motion for extension on August 25, finding that it "was going to deny defendants' motion for new trial and for amendment to the court's finding of fact and to the judgment; but pursuant to Rule 52 and 59 of the Arkansas Rules of Civil Procedure, defendants' motion for new trial and for amendment to the court's findings of fact and to the judgment was deemed denied by operation of law on May 13, 2020." The court further found that the appellants had failed to meet the requirements of Rule 4(b) of the Arkansas Rules of Appellate Procedure; therefore, their June 30 motion for extension was denied. Appellants timely appealed that order on August 31.

On November 13, appellants filed a motion for extension of time to file the record on appeal (hereinafter the "motion to file record"). On November 25, appellee filed a response to appellants' motion to file record (hereinafter the "response to motion to file record"). That same day, the record was lodged for appeal. After appellants had been granted five extensions to file the brief, the original brief was filed on March 4, 2021, but returned by the clerk for correction. On March 10, the appellants' motion to supplement the record was granted. On March 11, appellants' brief was filed, and the supplemental record was lodged. It is now properly before our court.

We must first address the correct standard of review in this case. Appellants argue the standard of review is de novo. They are mistaken. The standard of review of the denial of a motion to extend the time to file a notice of appeal is abuse of discretion. *Arnold v. Camden News Publ. Co.*, 353 Ark. 522, 526, 110 S.W.3d 268, 270–71 (2003). The circuit court's refusal to grant the motion for extension in the appealed order, therefore, will not be reversed on appeal unless an abuse of discretion is shown by appellants. *Id.* (citing *Sharp Co. v. Ne. Ark. Planning & Consulting Co.*, 269 Ark. 336, 602 S.W.2d 627 (1980)).

An abuse of discretion is defined as discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *See Arnold*, 353 Ark. at 526, 110 S.W.3d at 270 (citing *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 98 S.W.3d 405 (2003); *Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995); *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993)). Here, the circuit court did not abuse its discretion when it properly denied appellants' motion for extension after reviewing appellants' brief in support, appellee's response to motion for extension, appellants' reply to motion for extension and after a full hearing on the motion with the presence of both parties and counsel.

The circuit court properly denied appellants' motion for extension of time to file its notice of appeal because appellants did not satisfy the requirements found in Arkansas Rule of Appellate Procedure–Civil 4(b)(3). Rule 4 states, in pertinent part, as follows:

> (a) *Time for filing notice of appeal.* Except as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. A notice of cross-appeal shall be filed within ten (10) days after receipt of the notice of appeal, except that in no event shall a cross-appellant have less than thirty (30) days from the entry of the judgment, decree or order within which to file a notice of cross-appeal. A notice of

4

appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered.

(b) Extension of time for filing notice of appeal.

(1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

(2) A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment, decree, or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e). No additional fees will be required for filing an amended notice of appeal.

(3) Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought, a showing of diligence by counsel, and a determination that no party would be prejudiced, the circuit court shall, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of appeal for a period of fourteen (14) days from the day of entry of the extension order. Notice of any such motion shall be given to all other parties in accordance with Rule 5 of the Arkansas Rules of Civil Procedure. Expiration of the 180-day period specified in this paragraph does not limit the circuit court's power to act pursuant to Rule 60 of the Arkansas Rules of Civil Procedure.

Ark. R. App. P.–Civ. 4.

Rule 4(b)(3) represents a narrow exception to Rule 4(a). *See Arnold*, *supra*. Further,

the integrity of the thirty-day rule to file a timely notice of appeal set forth in Rule 4(a)

must be protected. *Id*. While appellants fail to satisfy the three requirements found in Rule

4(b)(3)—failure to receive notice, diligence by counsel, and absence of prejudice to either party—appellee concedes that appellants filed the motion for extension on June 30, 2020, within 180 days from the entry of the order appealed. Here, appellants filed the motion for extension on June 30, 2020, which was forty-eight days after the motion for new trial was deemed denied—pursuant to Rule 59(b) of the Arkansas Rules of Civil Procedure—on May 13, 2020, and well within the 180-day limitation.

Therefore, the narrow issue before our court is whether the circuit court, in its discretion, properly denied the motion for extension after reviewing the pleadings and conducting a full hearing on the motion. We first note that appellants concede that they received constructive notice of the motion's deemed denial by operation of law.[1] Further, it is clear from the appellants' motion that appellants' counsel and the appellants themselves were aware that the motion was deemed denied as of May 13, 2020. Appellants' counsel, in his affidavit attached to the motion for extension, states that he contacted the appellants between May 13 and May 26 and "discussed with them the fact that the Court had not ruled on their Motion for a New Trial, etc., and that the Court's failure to rule will be construed as a denial, and that therefore [the appellants and appellants' counsel] should prepare our notice of appeal and move forward with the case on that path." Therefore, because appellants concede that they received notice of the motion's deemed denial by operation of law, appellants fail to satisfy the notice requirement pursuant to Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure–Civil; accordingly, we need not decide

---

[1]We recognize that when motions are deemed denied by operation of law, there is typically no formal entry on the record that the motion has been denied; therefore, there is no "notice" given in the conventional sense.

whether that notice was actual or constructive because the concession of either is sufficient notice.

Additionally, appellants failed to act with reasonable diligence after counsel untimely filed the notice of appeal when the remedy for a premature notice of appeal is that it is treated as timely. While appellants failed to demonstrate lack of notice, appellants also failed to act with diligence in keeping up with the case status. Rule 4(b)(3) was amended in 2006 following the supreme court case, *Arkco Corp. v. Askew*, 360 Ark. 222, 228, 200 S.W.3d 444, 448 (2004), to reflect the holding that diligence by counsel "in keeping up with the court's docket" must also be shown to warrant the extra time to file the notice of appeal. *See Tissing v. Ark. Dep't of Hum. Servs.*, 2009 Ark. 166, 303 S.W.3d 446; *Sloan v. Ark. Rural Med. Prac. Loan & Scholarship Bd.*, 369 Ark. 442, 255 S.W.3d 834 (2007). It is well established that "a lawyer and a litigant must exercise reasonable diligence in keeping up with the docket." *Arnold*, 353 Ark. at 528, 110 S.W.3d at 272.

Appellants are misguided when they cite Arkansas Rule of Professional Conduct 1.3 for the definition of "diligence" as it is used in Arkansas Rule of Appellate Procedure–Civil 4(b)(3). While previous case law used Professional Conduct Rule 1.3 to define diligence, those cases were decided before the 2006 amendment to Arkansas Rule of Appellate Procedure–Civil 4(b)(3), which now includes the diligence requirement. Before the 2006 amendment, Rule 1.3 was an indirect route to require diligence of counsel when requesting an extension to file an appeal before this requirement was codified. As appellants point out, it was *Arkco*, *supra*, that led to the codification of the diligence requirement in Arkansas Rule of Appellate Procedure–Civil 4(b)(3). This amended version of Rule 4(b)(3) that includes

the specific requirement of a "showing of diligence by counsel" is controlling here. In this case, it is clear from appellants' motion that appellants' counsel was aware of the docket and the fact that their motion for new trial was deemed denied as of May 13, 2020.

In fact, appellants' counsel conceded that he knew that if the court failed to rule on his motion for new trial within thirty days, it would be deemed denied as a matter of law. Appellants cannot now allege that they exercised diligence when they failed to file a timely notice of appeal. In this case, appellants' counsel would have acted with due diligence if he had filed the notice of appeal. Any concern about an "early" appeal is meritless because the notice of appeal would have been deemed timely on May 13 when the motion for new trial was deemed denied by operation of law. Therefore, appellants failed to demonstrate due diligence, and because they did not avail themselves of an available remedy within the statute, the circuit court did not abuse its discretion by finding that appellants failed to meet the requirements of Rule 4(b)(3).

Finally, appellee argues that she would be prejudiced because her reasonable reliance on the expiration of time to appeal was to her detriment. Prejudice will not be presumed in cases of extension of time to file a notice of appeal. *Johnson v. Carpenter*, 290 Ark. 255, 258, 718 S.W.2d 434, 436 (1986) (holding that "absent some kind of convincing argument showing prejudice, we will not hold that it exists"). However, this case has been pending since November 21, 2018, and appellee contends that she has relied on the expiration of the time to appeal to her detriment. She cannot pass clear title in a sale of the property due to this pending litigation. Additionally, since the start of litigation in 2018, appellee has been burdened with the costs of maintaining the property. Maintenance includes mowing and

installing markers along the fence line of the property. Therefore, by the lack of finality in this case preventing the sale of the property and the ongoing cost of maintaining the property since the expiration of the time for filing a timely notice of appeal, appellee has demonstrated a reliance on the order to her detriment and that she would be prejudiced if an extension to file a timely appeal were granted.

The circuit court properly denied appellants' motion for extension in finding that appellants cannot meet the requirements of Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure–Civil. Appellants concede having received constructive notice of the motion's deemed denial; they have not demonstrated due diligence; and appellee showed that she would be prejudiced by an extension because she relied to her detriment on the final order and appellants' failure to file a timely notice of appeal.

We therefore hold that the circuit court did not abuse its discretion in denying appellant's motion to extend the time to file notice of appeal.

Affirmed.

BARRETT and BROWN, JJ., agree.

*The Law Offices of Watson and Watson, PLLC*, by: *Todd Cooper Watson*, for appellants.

*Sprott, Golden & Bardwell*, by: *Megan C. Hodge*, for appellee.

9